The STATE of Ohio, Appellee,

v.

DYER, Appellant.

[Cite as *State v. Dyer* (1996), 117 Ohio App.3d 92.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 96 CA 39.

Decided Dec. 31, 1996.

*Thomas R. Stafford*, Greene County Prosecuting Attorney, for appellee.

*Kristen L. Louderback*, for appellant.

FREDERICK N. YOUNG, Judge.

Carlos Dyer appeals his convictions for disorderly conduct and obstructing official business.

## I

Dyer was arrested on February 23, 1996, and charged with disorderly conduct, a fourth-degree misdemeanor, and obstructing official business, a second-degree misdemeanor. Dyer was arraigned on February 26, 1996. Dyer pled not guilty to the charges. The case was set for trial on April 2, 1996.

On March 12, 1996, Dyer, acting *pro se,* filed a motion to dismiss. In the final paragraph of the motion, Dyer wrote, "I don't want a lawyer. I would like to representate [*sic*] myself. Waiver of counsel motion. Make sure you read the tickets before reading this." The motion did not contain his signature. On the envelope which contained the motion to dismiss, Dyer also wrote, "I don't want a lawyer I will represent myself And I got [*sic*] a right to." The motion to dismiss was never ruled upon.

Dyer was convicted as charged on April 2, 1996, and sentenced to thirty days in jail for the disorderly conduct conviction and ninety days in jail for the obstructing official business conviction. Dyer, again acting *pro se,* filed a timely notice of appeal. Thereafter, an attorney was appointed to represent Dyer. Kristen L. Louderback, Dyer's appointed counsel, requested that the record of the trial be transcribed. On June 12, 1996, the court reporter for the Xenia Municipal Court notified this court that the tape recording of the trial was unintelligible and that she was unable to prepare a transcript.

## II

Dyer's two assignments of error are so interrelated that we will consider them in unison. His assignments of error are as follows:

### "First Assignment of Error

"The trial court committed prejudicial error by imposing a sentence of confinement upon the defendant, knowing the defendant was not represented by counsel and without the court fully advising the defendant and obtaining a knowing, voluntary and intelligent waiver of counsel from the defendant in violation of Criminal Rule 44(B) and (C).

### "Second Assignment of Error

"The trial court committed error by not properly recording a waiver of counsel."

Dyer maintains that he never knowingly, voluntarily, and intelligently waived his right to counsel after being advised of his rights. Furthermore, Dyer argues that there is no evidence to support a finding that there was a valid relinquishment of his right to representation because the record of the proceeding is unintelligible. Dyer requests that this case be reversed and remanded to the trial court for a new trial or, in the alternative, that his term of incarceration be vacated.

The state responds to Dyer's contentions by pointing out that Dyer wrote that he wanted to represent himself in his motion to dismiss as well as on the envelope that contained the motion. The state argues that those waivers of counsel should be found to be valid because Dyer is a college student and his education indicates that those waivers were knowingly, voluntarily, and intelligently made. The state also supports its assertion that Dyer made a valid waiver of his right to counsel by offering an affidavit of the prosecutor in Dyer's case. In that affidavit, the prosecutor attested "[T]o the best of his knowledge and belief that the Defendant, Carlos Dyer, was not represented by counsel, but he did make a voluntary, knowing, and intelligent waiver of his right to counsel and was advised of his rights to counsel by Judge Susan Goldie, in open court and on the record prior to the beginning of trial, and * * * [t]hat the Defendant, Carlos Dyer, insisted on proceeding with his trial at that date and time without the assistance of counsel." The state contends that the written waivers along with Dyer's education level and the prosecutor's affidavit establish that Dyer validly waived his right to counsel.

Courts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel. *In re East* (1995), 105 Ohio App.3d 221, 224, 663 N.E.2d 983, 985, quoting *Brewer v. Williams* (1977), 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424; *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 217, 17 OBR 458, 459–460, 479 N.E.2d 309, 311–312. Therefore, a waiver may not be presumed from a silent record. *East* at 224, 663 N.E.2d at 985, citing *Carnley v. Cochran* (1962), 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. Rather, the waiver must affirmatively appear in the record. *Id.*, citing *State v. Haag* (1976), 49 Ohio App.2d 268, 3 O.O.3d 301, 360 N.E.2d 756, and *Cleveland v. Whipkey* (1972), 29 Ohio App.2d 79, 58 O.O.2d 86, 278 N.E.2d 374; *Brewer*, 17 Ohio App.3d at 217, 17 OBR at 459–460, 479 N.E.2d at 311–312. The state bears the burden of overcoming presumptions against a valid waiver.

Crim.R. 44 and 22 outline how the waiver of counsel is to affirmatively appear in the record. Crim.R. 44(C) provides that the "[w]aiver of counsel shall be in open court and the advice and waiver shall be *recorded* as provided in Rule 22." (Emphasis added.) Crim.R. 22 provides that "[i]n petty offense cases all waivers of counsel required by Rule 44(B) shall be *recorded* * * *." (Emphasis

added.) These requirements are mandatory, and failure to comply with these procedures constitutes error. A written waiver of counsel is not sufficient to comply with these procedures. *Brewer,* 17 Ohio App.3d at 217, 17 OBR at 459–460, 479 N.E.2d at 311–312.

In the present case, the state failed to satisfy its burden. The state presented this court merely with a written waiver and an affidavit by the prosecutor. As we have already mentioned, a written waiver is not sufficient to comply with the requirements of Crim.R. 44 and 22; the fact that Dyer is a college student is immaterial. Furthermore, an affidavit by the prosecutor is not adequate to satisfy the requirement that the waiver appear affirmatively in the record. Even so, a document which is presented for the first time on appeal and therefore is not part of the record may not be considered by an appellate court. *Kuntz v. Leasure* (Nov. 29, 1996), Montgomery App. No. 15784, unreported, 1996 WL 685559.

Finally, because the record of the proceedings was unintelligible, we are unable to determine whether Dyer was advised of his rights and knowingly, voluntarily, and intelligently waived his right to representation in open court. Generally, the appellant may not prevail on appeal if there is no transcript of the proceedings and the error cannot be shown in the record. *Brewer,* 17 Ohio App.3d at 217, 17 OBR at 459–460, 479 N.E.2d at 311–312. This is because courts are to presume that the proceedings in the lower court were correct. However, in the case of a waiver of a fundamental constitutional right, the waiver, as previously mentioned, must affirmatively appear in the record. *Id.* Therefore, because there is no transcript of the proceedings in this case, we must presume that Dyer's right to representation was never properly waived. Accordingly, we will vacate Dyer's sentence imposed by the trial court.

*Sentence vacated.*

BROGAN, P.J., and WOLFF, J., concur.