OPINION
Defendant-appellant, Elad Krivinsky, appeals a conviction by the Mason Municipal Court. We affirm.
Appellant was accused of menacing a pizza delivery driver on July 12, 1997. A trial was held on August 19, 1997. During the trial, appellant was not represented by counsel. Appellant was found guilty of aggravated menacing, a violation of R.C. 2903.21, which is a first degree misdemeanor. R.C. 2903.21(B). Appellant was sentenced to serve thirty days in jail, with twenty-eight of the days suspended "on good behavior for one year."
Appellant filed a notice of appeal on September 16, 1997. In his appeal, appellant presents two arguments: (1) the trial court violated his Sixth Amendment right to counsel, and (2) he was not afforded the opportunity to exercise his right to compulsory process. Even though appellant presents two "arguments" for our review, we construe appellant's arguments as assignments of error. Gurr v. Broshear (Apr. 14, 1997), Butler App. No. CA96-10-201, unreported, at 3, discretionary appeal not allowed (1997), 79 Ohio St.3d 1484.
In his first assignment of error, appellant argues that hisSixth Amendment right to counsel was violated because the record does not indicate that he competently and intelligently waived his right to assistance of counsel. "[The assistance of counsel] is one of the safeguards of the Sixth Amendment deemed necessary to insure fundamental human rights of life and liberty." Gideon v. Wainright (1963), 372 U.S. 335, 343, 83 S.Ct. 792, 796, quoting Johnson v. Zerbst, (1938), 304 U.S. 458, 462,58 S.Ct. 1019, 1022. "The Sixth Amendment right to counsel extends to misdemeanor cases which could result in the imposition of a jail sentence." City of Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216,217, following Argersinger v. Hamlin (1972),407 U.S. 25, 92 S.Ct. 2006. A criminal defendant may not waive his right to counsel unless he does so "competently and intelligently." Godinez v. Moran (1993), 509 U.S. 389, 396, 113 S.Ct. 2680, 2685.
Ohio law requires that:
 When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
Crim.R. 44(B). Crim.R. 44(C) requires that "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in [Crim.R.] 22." Crim.R. 22 states in part:
 In petty offense cases all waivers of counsel required by [Crim.R.] 44(B) shall be recorded, and if requested by any party all proceedings shall be recorded. Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device.
The requirements of Crim.R. 44 and 22 "are mandatory, and failure to comply with these procedures constitutes error." State v. Dyer (1996), 117 Ohio App.3d 92, 96. The waiver of counsel must affirmatively appear in the record, and the state bears the burden of overcoming presumptions against a valid waiver. Id. at 95. "Courts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel." Id., following Brewer v. Williams (1977), 430 U.S. 387, 97 S.Ct. 1232. "A knowing and intelligent waiver will not be presumed from a silent record." Garfield Heights, 17 Ohio App.3d at 217, following Carnley v. Cochran (1962), 369 U.S. 506, 516, 82 S.Ct. 884, 890.
In the present case, a partial trial transcript appears in the record. The partial transcript contains a transcription of the proceedings that occurred on August 19, 1997. The partial transcript does not indicate whether appellant knowingly, intelligently, and voluntarily waived counsel in open court.
However, appellant filed a proposed statement of proceedings pursuant to App.R. 9(C). Appellant's proposed statement of proceedings states that the recording of his arraignment on July 22, 1997, was undiscernible because of the poor quality of the tape. Appellant's proposed statement of proceedings also claims that at the July 22, 1997 arraignment hearing, he "indicated to the Court that he did in fact wish to be represented by appointed counsel." In response to appellant's proposed statement, appellee filed a proposed statement of proceedings which is materially different from appellant's proposed statement. In an entry filed on April 13, 1998 titled "Court's Statement of Proceedings," the trial court adopted appellee's proposed statement of proceedings. The trial court's entry states in part:
 On July 22, 1997, [appellant] was arraigned in Mason Municipal court * * *, [appellant] was advised of his right to counsel and of his right to have counsel appointed if he qualified under the guidelines which determine eligibility for court appointed counsel.
* * *
 [Appellant] stated he did not wish to have counsel appointed and that he was retaining [an attorney]. On the day of the trial, August 19, 1997, [appellant] appeared, stated he had conferred with counsel and wished to proceed without an attorney.
This entry indicates that appellant was advised by the trial court of his right to counsel and his right to appointed counsel. This entry also indicates that even after being advised of these rights, appellant stated that he wished to proceed without an attorney.
Ideally, it would be helpful for a reviewing court to have a transcript of the proceedings below in order to properly review the trial court's proceedings. The purpose of Crim.R. 44 and 22 is to make clear the importance of having a defendant's waiver of counsel recorded. But mistakes and mechanical malfunctions sometimes occur, and App.R. 9(C) allows for a statement of the evidence or proceedings if a transcript is unavailable. Accordingly, we find that the App.R. 9(C) entry submitted by the trial court affirmatively shows that appellant knowingly, intelligently, and voluntarily waived his right to counsel. The trial court did not violate appellant's Sixth Amendment right to counsel.
In his second assignment of error, appellant argues that he was denied due process because the record is silent concerning appellant being "afforded the opportunity to exercise his right to compulsory process." The Sixth Amendment of the United States Constitution states in part: "In all criminal prosecutions, the accused shall enjoy the right * * * to have compulsory process for obtaining witnesses in his favor * * *."
To establish a violation of the right to the compulsory process under the Sixth Amendment, appellant must show "more than the mere absence of testimony. * * * He must at least make some plausible showing of how their testimony would have been both material and favorable to his defense." United States v. Valenzuela-Bernal (1982), 458 U.S. 858, 867, 102 S.Ct. 3440,3446. A review of appellant's brief discloses that appellant has not made any showing of what witnesses he would have compelled to testify, and how their testimony would have been material and favorable to his defense. Accordingly, we find that appellant has not met his burden on appeal showing how his Sixth Amendment right to compulsory process was violated. The assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., concurs.
KOEHLER, J., concurs in part and dissents in part.