DECISION AND JOURNAL ENTRY
Appellant David Hoover, a minor child, has appealed the judgment of the Summit County Common Pleas Court, Juvenile Division, that found him delinquent and sentenced him to the Department of Youth Services (DYS). This Court reverses the judgment, vacates the plea, and remands this cause for further proceedings consistent with this opinion.
 I.
On August 5, 1998, Appellant was arraigned in the juvenile court on a complaint alleging that he was a delinquent child for committing the offense of Aggravated Robbery, a felony of the first degree if committed by an adult. Appellant admitted to the offense, and the juvenile court sentenced him to a one-year term at the DYS. Appellant timely appealed, asserting one assignment of error. On October 6, 1999, the court reporter notified Appellant that a transcript of his hearing could not be produced because of an equipment malfunction. As a result, Appellant could not supplement the record, and this Court dismissed his case on March 30, 1999. Shortly thereafter, Appellant moved this Court to reopen his case. This Court granted his request on September 1, 1999.
 II. The trial court erred by accepting an admission which was not knowing, intelligent and voluntary in violation of Juv.R. 29 and Juv.R. 37, Article One, Section Sixteen of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.
In his sole assignment of error, Appellant has asserted that his constitutional rights were violated when the juvenile court failed to comply with Juv.R 29 and Juv.R. 37 before accepting his admission. Furthermore, Appellant has averred that because the record is silent, the State has the burden of proving that the record affirmatively reflects that his admission was knowing, voluntary and intelligent. This Court agrees.
Juv.R. 29(D) provides that:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
Juv.R. 37(A) further provides that:
 The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device.
In the case at bar, the State has asserted that pursuant to App.R. 9(C), Appellant had the burden to provide the record for appeal. The Ohio Supreme Court has previously determined that if an appellant fails to provide the record for appeal, courts should presume the regularity of a lower court's proceedings. See Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. However, the present case, is distinguishable from Knapp because this matter involves the fundamental constitutional right of a juvenile-defendant's waiver of his right to trial and a silent record. The United States Supreme Court has held that a reviewing court cannot presume that a defendant voluntarily, knowingly, and intelligently entered a plea of guilty from a silent record. Boykin v. Alabama (1969),395 U.S. 238, 242-244, 23 L.Ed.2d 274, 279-280. Because the presumption is against a defendant's waiver of his right to trial, the State bears the burden of overcoming this presumption. State v. Dyer (1996), 117 Ohio App.3d 92, 95.
 "[T]he waiver must affirmatively appear in the record." Id., citing In re East (1995), 105 Ohio App.3d 221, 224. Finally, this Court has previously held that "the use of a form or stamp entry reciting that all rights have been fully explained is not a substitute for a proper recording of proceedings[.]" State v. Minor (1979), 64 Ohio App.2d 129, 131.
In case sub judice, Appellant attempted to provide this Court with the transcript of the proceedings; however, a malfunction with the recording equipment thwarted his efforts. As such, the record in this case was silent. When faced with a silent record, the burden shifted to the State to show that Appellant voluntarily waived his right to trial and entered a plea knowingly, voluntarily, and intelligently. See Boykin, 395 U.S. at 242-244,23 L.Ed.2d at 279-280; Dyer, 117 Ohio App.3d at 95. Although the magistrate's journal entry indicated that Appellant "knowingly and voluntarily waived his rights to a trial and entered a plea of admission to the charge of Aggravated Robbery," the journal entry is not a substitute for a recording of the proceedings. SeeMinor, 64 Ohio App.2d at 131. Based upon the foregoing, the State did not overcome the presumption against Appellant voluntarily waiving his right to trial because the waiver must affirmatively appear on the record. Appellant's argument is well taken.
 III.
Appellant's sole assignment of error is sustained. The judgment in the juvenile court is reversed, the plea is vacated, and the cause is remanded so that Appellant may enter a new plea.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, Juvenile Division, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, BATCHELDER, P. J., BAIRD, J., CONCUR.