OPINION
Defendant-appellant James Stollings is appealing from an order modifying and extending his community control sanctions. The modification was based upon the trial court's finding that Stollings had failed to comply with the terms of the original community control sanction imposed upon him. Appellant contends that he was denied due process of law when the trial court failed to provide notice or hearing on the alleged violation of the community control sanction and failed to advise him of his right to counsel.
We conclude that when a trial court seeks to extend a community control sanction, or to modify that community control sanction by imposing a more onerous sanction, minimum due process requires: (1) notice of the alleged violation; (2) an opportunity to be heard with respect to the alleged violation; and (3) the right to the assistance of counsel. Given that the record is devoid of any indication that the trial court complied with these minimum due process requirements, we conclude that it erred when it extended and modified the community control sanctions. Accordingly, the order extending and modifying the sanctions is Reversed.
Stollings is presently incarcerated as a result of a violation of the community control sanction after its original expiration date, but during the period of its extension pursuant to the order that we are reversing. Stollings argues that he should be discharged with respect to his incarceration for having violated a community control sanction after it had expired, by virtue of our reversal of the order extending it. Although the State argues that the order extending and modifying the community control sanction should be affirmed, it does not disagree with Stollings' argument that he should be discharged if the order of extension and modification is reversed. Therefore, in view of our reversal of the order of extension and modification, we order Stollings Discharged with respect to his incarceration for having violated the community control sanction after it properly should have expired. Our order of discharge is without prejudice, however, to any criminal liability that Stollings may have incurred, independently of the community control sanction, as a result of the actions that form the basis for the allegation that he violated the community control sanction.[1]
 I
In 1997, Stollings pled guilty to two counts of Theft, in violation of R.C. 2913.02(A)(1), and two counts of Breaking and Entering, in violation of R.C. 2911.13. On July 16, 1997, Stollings was sentenced to two years of community control sanction, including six months of electronic monitoring, thirty days of work release, drug and alcohol treatment, thirty days in the county jail, and basic supervision. His driver's license was also suspended for a period of six months. The sentencing entry also provided that if Stollings failed to abide by the terms of the community control sanctions, he would be sentenced to serve twenty-two months in jail. Stollings was represented by counsel at the time of the entry of his guilty plea and sentencing.
In a Judgment Entry filed on May 11, 1999, the trial court found that Stollings had not been compliant with the terms of his community control, and ordered that the community control sanctions be extended to a term of four years. The conditions were modified to include the specific requirement that Stollings complete in-patient treatment and 100 hours of community service, and that he pay $10 per month toward the cost of supervision. That entry, which is appended hereto, was signed by the trial judge, Stollings and a probation officer.
On June 30, 2000, Probation Officer Dawn Ward filed a motion and affidavit alleging that Stollings had violated the terms of the extended community control sanctions and requesting a capias for Stollings' arrest.
Stollings, through new counsel, filed a Writ of Habeas Corpus with this court on August 2, 2000. The Writ was denied and dismissed on August 7, 2000.
Thereafter, on August 10, 2000, the trial court held a hearing, which resulted in a finding that Stollings had violated the terms of the modified and extended community control. The trial court then imposed the underlying 22-month sentence giving Stollings a 170-day credit for time served. On September 22, 2000, Stollings filed a motion for a delayed appeal of the May 11, 1999 order extending and modifying the original community control order. This court granted the motion for delayed appeal.
 II
The sole assignment of error is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT EXTENDED THE APPELLANT'S PROBATIONARY PERIOD AND SENTENCED HIM TO PRISON AFTER HIS SENTENCE WAS COMPLETED.
Stollings contends that the trial court erred, and violated his due process rights, by failing to provide notice of, and conduct a hearing on, his alleged failure to comply with the terms of the original community control sanctions. He thus contends that the subsequent modification and extension of the community control sanctions is invalid.
"Community control" is defined as a sanction that "is not a prison term and that is described in section 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Code." R.C. 2929.01(F). R.C. 2929.15, which sets forth general guidelines regarding community control sanctions, provides in pertinent part as follows:
 (B) If the conditions of a community control sanction * * * is violated, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code.[2]
In cases involving revocation of community control sanctions, the trial court must advise the defendant of his right to counsel. Crim.R. 32.3(B). Additionally, due process mandates that a criminal defendant be: (1) apprised of the basis for the revocation; and (2) afforded a hearing thereon. See, Crim.R. 32.3(A). The hearing need not be formal, but must be designed to assure that any finding of violation of the terms of the community control sanction is based upon verified facts. See, State v. Fitzwater (Dec. 10, 1999), Hamilton App. Nos. C-981005 and C-981006, unreported, citations omitted.
We conclude that, as with revocation hearings, when a trial court seeks to extend a community control sanction, or to modify the sanction by imposing a harsher sanction, it must provide the minimum due process rights of notice, hearing and right to counsel. However, also like revocation hearings, the hearing need not have all the formality of a criminal trial. The hearing must be sufficient to verify the allegations of violation of community control sanctions.
Here, we note that, while the May 11, 1999 order modifying and extending the community control mentions that Stollings had not complied with the terms of his original community control sanction, the record is devoid of any other documentation regarding the alleged violation. There is no indication in the record that Stollings was served with a notice of violation of the original community control sanction, or that he was afforded a hearing concerning his failure to comply with the terms of the original order.
Significantly, it appears that Stollings was not represented by counsel at the time he signed the order extending and modifying his community control sanction, and there is no indication that Stollings was advised of the right to counsel. Furthermore, there is nothing to indicate that Stollings waived notice or hearing or that he waived the right to counsel. A waiver of the right to counsel may not be presumed from a silent record. State v. Dyer (1996), 117 Ohio App.3d 92, 95. Rather, the waiver must affirmatively appear on the record. Id. Courts are to indulge every reasonable presumption against the waiver of fundamental constitutional rights, including the right to counsel, and the State bears the burden of overcoming those presumptions. Id. Although it could be argued that Stollings' signature below the judge's signature, on the entry extending and modifying the community control sanction, constituted his waiver of these rights, the State candidly acknowledged at oral argument that this is a difficult argument to make in view of the presumption against waiver. The only text accompanying Stollings' signature expresses his acknowledgment of the existence of the order and his obligations thereunder; there is nothing manifesting his assent to the order. In our view, Stollings' signature on the document falls short of establishing a knowing and voluntary relinquishment of his fundamental rights to notice and hearing and to the assistance of counsel.
While a defendant in Stollings' position may not be entitled to a hearing with all the trappings of Crim.R. 11 when he reaches an agreement with the State regarding alleged community control sanction violations, there must be some indication in the record sufficient to overcome the presumption against waiver. This would ordinarily seem to require an appearance before the judge with an indication by the defendant of his knowledge of the rights to notice and hearing and to the assistance of counsel, and an indication that the defendant is waiving those rights. There is nothing in this record to reflect that this was done.
The sole assignment of error is sustained.
 III
Stollings' sole assignment of error being sustained, the May 11, 1999 order of the trial court is Reversed. For the reasons indicated in the preamble, above, we order Stollings Discharged with respect to his incarceration for having violated the community control sanction after it properly should have expired. Our order of discharge is without prejudice, however, to any criminal liability that Stollings may have incurred, independently of the community control sanction, as a result of the actions that form the basis for the allegation that he violated the community control sanction.
 _________ FAIN, J.
BROGAN and GRADY, JJ., concur.
[1] The record in this appeal does not enlighten us as to the alleged conduct forming the basis for the allegation that Stollings violated his community control sanction. That alleged conduct may or may not constitute a criminal offense, independently of the community control sanction.
[2] The statute was revised in September, 2000; after the date of these proceedings. Therefore, the prior version of the statute applies to this case.