OPINION
David Mathers, Jr., appeals from his conviction and sentence in the Clark County Common Pleas Court on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4).
Mathers advances three assignments of error on appeal. First, he contends that the trial court erred by permitting him to represent himself at trial, as the record does not reflect a proper waiver of his right to counsel. Second, he argues that his conviction on one of the two gross sexual imposition counts is against the manifest weight of the evidence. Third, he asserts that the trial court erred by ordering his sentences on the two counts to be served consecutively.
Upon review, we find Mathers' first assignment of error to be persuasive. The record reflects that Mathers appeared with appointed counsel at his arraignment and informed the court that he wished to represent himself. (6-16-2000 Tr. at 3). In response, the trial court stated: "As to your wanting to waive your right to counsel and represent yourself, you've got a right to do that." (Id. at 5). Thereafter, Mathers appeared in court with appointed counsel a second time and requested a continuance. At that time, Mathers again indicated that he wished to represent himself. (8-7-2000 Tr. at 3). The trial court then stated: "Now, Mr. Thomas was your court-appointed attorney. He'll still be available to you to consult with if you want to talk to him, and he'll still be here and present for your hearing if you want to discuss trial procedures or questions or matters of law with him. He's for your available benefit whenever you want to use him." (Id. at 7). The trial court subsequently met in chambers with the prosecutor, Mathers and his "advisor" (attorney Thomas) shortly before trial. During that meeting, the trial court noted that Mathers wished to represent himself. (11-15-2000 Tr. at 6). The parties then proceeded into the courtroom, and the trial court informed the jury that Mathers was representing himself. (Id. at 12). The trial court also explained that attorney Thomas would serve as an "advisor" who would not actively participate in the trial other than being available to consult with Mathers. (Id.). The record before us contains no other discussion of Mathers' decision to represent himself at trial.
In State v. Gibson (1976), 45 Ohio St.2d 366, 377-378, the Ohio Supreme Court recognized that a defendant in a criminal trial has a constitutional right of self-representation, and he may defend himself when he knowingly, voluntarily and intelligently elects to do so. As we cautioned in State v. Dyer (1996), 117 Ohio App.3d 92, 95, however, "[c]ourts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right[,] including the right to be represented by counsel." As a result, a valid waiver affirmatively must appear in the record, and the state bears the burden of overcoming the presumption against a valid waiver. Id
In order to establish an effective waiver of the right to counsel, a trial court must make a sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right.Gibson, 45 Ohio St.2d at paragraph two of the syllabus. Therefore, "when an accused informs the court that he chooses to exercise his right of self-representation, the court must satisfy itself of two things: (1) that the accused is voluntarily electing to proceed pro se and (2) that the accused is knowingly, intelligently, and voluntarily waiving the right to counsel." State v. Jackson (2001), 145 Ohio App.3d 223, 227. To discharge its duty "properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand." Gibson, 45 Ohio St.2d at 377. "`To be valid such a waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and other circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" Id., quoting Von Moltke v. Gillies
(1948), 332 U.S. 708, 723; see also Jackson, 145 Ohio App.3d at 227. In addition to conducting an on-the-record colloquy with a defendant regarding his decision to waive his right to counsel, Crim.R. 44(C) obligates a trial court judge to ensure, in "serious offense cases,"[1]
that a defendant's waiver of counsel is in writing. In State v. Ware
(Dec. 30, 1999), Montgomery App. No. 17610, we determined that this rule "is enforced to the letter by the courts of Ohio," and we reversed the defendant's conviction and sentence based largely on the absence of a "written signed waiver in the record."
In the present case, the record before us does not contain a written waiver of Mathers' right to counsel. This "fundamental error" requires the reversal of his conviction and the vacation of his sentence. Id. In addition, the record before us reveals that the trial court failed to make any inquiry into whether Mathers fully understood and intelligently relinquished his right to counsel, as required by Gibson, supra. Absent evidence in the record indicating that the trial court engaged in such an inquiry, we can only conclude that Mathers did not validly waive his right to counsel. See, e.g., Dyer, 117 Ohio App.3d at 95 (recognizing that "[t]he state bears the burden of overcoming presumptions against a valid waiver"); State v. Stollings (May 11, 2001), Greene App. No. 2000-CA-86 (same); State v. Applegarth (Oct. 27, 2000), Montgomery App. No. 17929 (same).
In opposition to the foregoing conclusion, the state insists that Mathers "was never without counsel" and that he "did not waive his right to counsel and consequently was represented throughout the trial by a competent criminal lawyer who the Appellant refused to let speak." Upon review, we note that these assertions are belied by the record. As set forth above, the record reflects that the trial court granted Mathers' request to represent himself and merely appointed standby counsel to serve as an advisor at trial. The state fails to cite any case law for the proposition that the presence of standby counsel at trial means a defendant is not representing himself, and we are unaware of any legal authority for this proposition. Notably, this court has found numerous cases in which a criminal defendant represented himself despite the presence of counsel in the courtroom to serve as an advisor. Indeed, inMcKaskle v. Wiggins (1984), 465 U.S. 168, the United States Supreme Court held that standby counsel's participation in a criminal trial did not deprive a pro se defendant of his right to represent himself. See alsoGibson, 45 Ohio St.2d at 374-375; Jackson, 145 Ohio App.3d at 228; Statev. Taylor (June 29, 2001), Greene App. Nos. 2000 CA 77 and 2000 CA 103.
Finally, the state relies on an affidavit from Shawn Thomas, who served as Mathers' standby counsel. Thomas avers that he was appointed to represent Mathers, that Mathers indicated a desire to represent himself, and that the trial court subsequently ordered Thomas to sit by Mathers to answer legal questions. Despite the state's argument to the contrary, this affidavit fails to establish that Mathers did not waive his right to counsel. As an initial matter, we may not consider the affidavit, which is attached to the state's appellate brief and is not a part of the trial record. Dyer, 117 Ohio App.3d at 96 ("[A] document which is presented for the first time on appeal and therefore is not part of the record may not be considered by an appellate court."). In any event, Thomas' affidavit establishes only that he served as standby counsel. As noted above, the presence of standby counsel in the courtroom does not mean that Mathers did not represent himself.
Given that the record in the present case does not affirmatively demonstrate a knowing, intelligent, and voluntary waiver of Mathers' right to counsel, his first assignment of error is sustained. Our disposition of Mathers' first assignment of error renders his two remaining assignments of error moot.[2] Consequently, we need not consider them.
The judgment of the Clark County Common Pleas Court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.
WOLFF, P.J., and FAIN, J., concur.
[1] A "serious offense" is defined in Crim.R. 2(C) as any felony and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months.
[2] The reversal of Mathers' conviction and sentence on the basis of his first assignment of error plainly renders moot his arguments that his conviction is against the manifest weight of the evidence and that the trial court erred in imposing consecutive sentences. If Mathers had raised a sufficiency-of-the-evidence argument, such a claim would not be moot because, if successful, it would bar retrial on the count at issue. It is well-settled, however, that a reversal based on the weight of the evidence does not bar retrial. State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52.