OPINION
{¶ 1} Gregory Lee Debrill appeals from his conviction and sentence in the County Court of Montgomery County on one count of obstructing official business in violation of R.C. § 2921.31. In his sole assignment of error, Debrill contends that the trial court erred in imposing a sentence of confinement because the record does not reflect a valid waiver of his right to counsel.[1]
 {¶ 2} Upon review, we find Debrill's assignment of error to be persuasive. The record reflects that Debrill appeared pro se for trial on August 8, 2001. At that time, he noted that at his arraignment on June 19, 2001 he had been informed "that [he] could get an attorney." See Trial Transcript at 2. The trial court then asked whether, at the time of arraignment, Debrill had elected to proceed without an attorney. Id. at 3. Debrill responded affirmatively. Id. The trial court then asked whether Debrill also had elected to appear for trial without an attorney even though he could afford to hire one. Id. Again, Debrill responded affirmatively. Id. The trial court then stated: "Do you understand that I cannot help you in the trial of this case, that you have to present your case as you think best?" Id. at 4. Debrill responded that he understood and still wished to go to trial without an attorney. Id. The trial court then briefly explained how the questioning of witnesses would proceed, and the state called its first witness. Id. at 4-5. The record before us contains no other discussion of Debrill's decision to represent himself at trial.
 {¶ 3} In State v. Gibson (1976), 45 Ohio St.2d 366, 377-378, the Ohio Supreme Court recognized that a defendant in a criminal trial has a constitutional right of self-representation, and he may defend himself when he knowingly, voluntarily and intelligently elects to do so. As we cautioned in State v. Dyer (1996), 117 Ohio App.3d 92, 95, however, "[c]ourts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right[,] including the right to be represented by counsel." As a result, a valid waiver affirmatively must appear in the record, and the state bears the burden of overcoming the presumption against a valid waiver. Id
 {¶ 4} In order to establish an effective waiver of the right to counsel, a trial court must make a sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right. Gibson, 45 Ohio St.2d at paragraph two of the syllabus. Therefore, "when an accused informs the court that he chooses to exercise his right of self-representation, the court must satisfy itself of two things: (1) that the accused is voluntarily electing to proceed pro se and (2) that the accused is knowingly, intelligently, and voluntarily waiving the right to counsel." State v. Jackson (2001),145 Ohio App.3d 223, 227. To discharge its duty "properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand." Gibson,45 Ohio St.2d at 377. "`To be valid such a waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and other circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" Id., quoting Von Moltke v. Gillies (1948), 332 U.S. 708, 723; see alsoJackson, 145 Ohio App.3d at 227.
 {¶ 5} In the present case, the record before us reveals that the trial court failed to make any inquiry into whether Debrill fully understood and intelligently relinquished his right to counsel, as required by Gibson, supra. Absent evidence in the record indicating that the trial court engaged in such an inquiry, we can only conclude that Debrill did not validly waive his right to counsel. See, e.g., Dyer,117 Ohio App.3d at 95 (recognizing that "[t]he state bears the burden of overcoming presumptions against a valid waiver"); State v. Stollings (May 11, 2001), Greene App. No. 2000-CA-86 (same); State v. Applegarth (Oct. 27, 2000), Montgomery App. No. 17929 (same).
 {¶ 6} In opposition to the foregoing conclusion, the state insists that Debrill both expressly and impliedly waived his right to counsel. In particular, the state argues that Debrill expressly waived his right to counsel by indicating that he wished to proceed without an attorney. The state also argues that Debrill impliedly waived his right to counsel by failing to take any action to secure counsel during the nearly two-month period from the date of his arrest to his trial date. Finally, the state asserts, without analysis, that the brief dialogue between Debrill and the trial court set forth above demonstrates a knowing, intelligent and voluntary waiver of his right to counsel.
 {¶ 7} Upon review, we agree that Debrill waived his right to counsel, both expressly and impliedly. Indeed, he specifically told the trial court that he wanted to proceed without an attorney, and he appears to have taken no action to secure counsel. We cannot agree, however, with the state's assertion that the record reflects a knowing, intelligent and voluntary waiver of counsel. Nothing in the trial court's brief exchange with Debrill suggests that the court engaged in the type of inquiry envisioned by the Ohio Supreme Court in Gibson, supra. It is well settled that "any waiver — whether it be express, implied, or inferred — must pass constitutional muster prior to the waiver having the effect of obviating a defendant's constitutional right to counsel." Statev. Ebersole (1995), 107 Ohio App.3d 288, 294. "In order to establish an effective waiver of [the] right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." Gibson, supra, at paragraph two of the syllabus. "Even when the waiver of counsel is implied . . ., a pretrial inquiry as to the defendant's knowing and intelligent waiver of the right must be made. `A court is under no less obligation to ensure that waiver is knowing and intelligent when voluntariness is deduced from conduct than when it is asserted expressly.'" State v. Weiss (1993),92 Ohio App.3d 681, 685 (citations omitted); see also State v. Glasure
(1999), 132 Ohio App.3d 227, 236 (suggesting that a knowing, intelligent and voluntary waiver of the right to counsel should not be inferred unless the record affirmatively demonstrates that the defendant understood the nature of the charges, the possible defenses and the evidence the state would present).
 {¶ 8} It is noteworthy that the trial court did not determine whether Debrill understood that he faced a possible six months in jail should he be convicted of the domestic violence charge. Also the court did not make it clear to Debrill that if he chose to represent himself that he would be responsible for securing the appearance of his witnesses at the trial. The trial court also did not inquire whether Debrill's "over the road" trucking duties had prevented him from securing counsel.
 {¶ 9} Given that the record in the present case does not affirmatively demonstrate a knowing, intelligent, and voluntary waiver of Debrill's right to counsel, his assignment of error is sustained. Although Debrill's conviction itself is valid, the incarceration portion of his sentence is hereby vacated. See, e.g., State v. Wellman (1974),37 Ohio St.2d 162, 171 (noting that absent a valid waiver no person may be imprisoned for a misdemeanor unless he was represented by counsel);State v. Henley (2000), 138 Ohio App.3d 209, 219-220 (reasoning that when a non-indigent defendant is tried for a petty offense without the assistance of counsel, he may not be sentenced to a term of incarceration unless the record affirmatively demonstrates a valid waiver); State v.Applegarth (Oct. 27, 2000), Montgomery App. No. 17929 (affirming a conviction but vacating a term of incarceration when the record failed to demonstrate a knowing, intelligent and voluntary waiver of the right to counsel).
 {¶ 10} The appellant's conviction is hereby affirmed, and his sentence is modified to reflect the vacation of his term of incarceration.
WOLFF, P.J., and FAIN, J., concur.
[1] The Sixth Amendment right to counsel applies to misdemeanor cases in which a sentence of imprisonment could be imposed. Argersinger v.Hamlin (1972), 407 U.S. 25. In the present case, Debrill's offense was a second-degree misdemeanor, and the trial court imposed a sentence that included a fine, court costs, a term of probation and 90 days in jail with 80 days suspended. Consequently, the Sixth Amendment right to counsel applied.