OPINION *Page 2 
{¶ 1} Defendant Tyson Melton appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which convicted and sentenced him for two counts of trafficking in cocaine in violation of R.C.2925.03, after a jury found him guilty. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ALLOWING HIM TO PROCEED AS HIS OWN ATTORNEY WITHOUT: (A) OBTAINING WRITTEN WAIVER OF COUNSEL REQUIRED BY CRIMINAL RULE 44 (C), OR (B) ASCERTAINING THE APPELLANT'S WAIVER OF COUNSEL WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE IN ACCORDANCE WITH CRIMINAL RULE 44 (A).
 {¶ 3} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY VIRTUE OF ITS OWN ADMINISTRATIVE JUDGMENT ENTRY WHICH PREVENTED APPELLANT (AS HIS OWN ATTORNEY) FROM OBTAINING ANY DISCOVERY UNTIL THE DAY OF TRIAL.
 {¶ 4} "III. THE PROSECUTOR'S COMMENTS DURING CLOSING ARGUMENT CONCERNING DEFENDANT'S FAILURE TO TESTIFY WERE PREJUDICIAL TO DEFENDANT AND IN VIOLATION OF HIS FIFTH AMENDMENT RIGHTS."
 {¶ 5} Appellant was charged with selling cocaine to a confidential informant on two occasions. Because appellant was indigent, the court appointed Stephen Cockley to represent the appellant. On August 19, 2005, appellant moved the court to remove Attorney Cockley and permit appellant to represent himself. On September 26, 2005, *Page 3 
Attorney Cockley filed a motion to withdraw as counsel. The trial court's January 30, 2006 judgment entry recites it held an oral hearing on the motions on November 22, 2005. The entry states the defendant gave testimony, and after careful consideration, the court granted the appellant's motion in part. The court found appellant could make arguments on his own behalf, but Attorney Cockley would remain appellant's legal counsel. The trial began on January 30, 2006, and on February 1, 2006, the jury found appellant guilty on both counts as charged in the indictment. On March 15, 2006, the court sentenced appellant to sixteen months in prison, suspended on condition he successfully complete two years of community control.
 I.
In his first assignment of error, appellant argues the trial court erred in allowing him to act as his own attorney without complying with the requirements of Crim. R. 44.
 {¶ 6} The record contains appellant's pro se motion which states "To Whom It May Concern: "I, Tyson LaVel Melton, wish to have Attorney Steven (sic) Cockley removed from the above-mentioned case. I will represent myself."
 {¶ 7} The trial court's judgment entry states there was a hearing on November 22, 2005, but the record contains no transcript of the proceedings.
 {¶ 8} Crim R. 44 provides in pertinent part:
 {¶ 9} "(A) Counsel in serious offenses
 {¶ 10} Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the *Page 4 
defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
 {¶ 11} * * *
 {¶ 12} "(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases, the waiver shall be in writing."
 {¶ 13} Crim R. 22 states:
 {¶ 14} "In serious offense cases all proceedings shall be recorded. In petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded, and if requested by any party all proceedings shall be recorded. Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device."
 {¶ 15} The Sixth Amendment to the United States Constitution provides all accused shall enjoy the right to have assistance of counsel. Section10, Article I, of the Ohio Constitution provides an accused shall be allowed to appear and defend in person and with counsel. The right to counsel safeguards the fundamental human rights of life and liberty,Gideon v. Wainwright (1963), 372 U.S. 335, 83 S. Ct. 792,9 L. Ed. 2d 799. no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial or knowingly and intelligently waived the right to counsel,Argersinger v. Hamlin (1972), 407 U.S. 25, 92 S. Ct. 2006,32 L. Ed. 2d 530.
 {¶ 16} The requirements of Crim. R. 44 and 22 are mandatory, and failure to comply with these procedures constitutes error, State v.Dyer (1996), *Page 5 117 Ohio App. 3d 92, 689 N.E. 2d 1034. The waiver of counsel must affirmatively appear on the record, and a knowing and voluntarily waiver may not be presumed from a silent record, Garfield Heights v. Brewer (1984),17 Ohio App.3d 216. This court must indulge every reasonable presumption against the waiver of fundamental constitutional rights, including the right to be represented by counsel, Dyer at 95.
 {¶ 17} Although appellant's motion asserted he wished to proceed as his own attorney, there is insufficient documentation in the record to establish he fully understood and intelligently relinquished his right to counsel. To be valid, a defendant's waiver of counsel must be made with an understanding of the nature of the charge against him, the statutory offense, the range of allowable punishments, possible defenses available to him, mitigating circumstances, and all other facts necessary for a broad understanding of the case against him, State v.Martin, 103 Ohio St. 3d 385, 2004-Ohio-5471, 816 N.E. 2d 277, citingState v. Gibson (1976), 45 Ohio St. 2d 366, 345 N.E. 2d 399. An inquiry which touches only upon some of the factors will not adequately establish an effective waiver of counsel, State v. McQueen (1997),124 Ohio App. 3d 444, 706 N.E. 2d 423.
 {¶ 18} We find the record contains insufficient information to establish appellant's waiver of counsel was knowingly and intelligently made. The first assignment of error is sustained.
 II. {¶ 19} In his second assignment of error, appellant argues the court erred to his prejudice in permitting the State to withhold the name of the confidential informant until *Page 6 
the day of trial, thus interfering with his ability to prepare his case and cross examine the informant.
 {¶ 20} Crim. R. 16 requires the State to disclose to the defendant's counsel all evidence known or to become known, which is material to guilt or punishment. However, the Rule provides names and addresses of witnesses shall not be subject to disclosure if the prosecuting attorney certifies to the court that to disclose the information may subject the witnesses or other persons to physical or substantial economic harm or coercion. In the case at bar, the State filed a Rule 16 discovery compliance statement on August 9, 2005. The statement disclosed the information appellant requested, with the exception of the name and address of the confidential informant. The statement alleges disclosure might subject him, her, or others to physical or substantial economic harm or coercion. The Bill of Particulars provided on the morning of trial identifies the confidential informant only by number.
 {¶ 21} The record contains no objection to the State's withholding the confidential informant's name and address.
 {¶ 22} We find the trial court did not err in permitting the State to withhold the identity of the confidential informant. Accordingly, the second assignment or error is overruled.
 III. {¶ 23} In his third assignment of error, appellant argues the prosecutor violated appellant's Fifth Amendment rights by commenting on his failure to testify during the State's closing argument. The prosecutor stated: "When he gets up here to make his closing argument, we are going to be listening intently for him to explain how it is that *Page 7 
they targeted him and no one else; how it is that they searched the car, searched the informant, gave him the money, wired him up, followed him, did surveillance, on his the whole time, and who should he run into but Tyson Melton? I want to hear him explain to you since he says he is not guilty * * *". (Transcript of Proceedings at 351-352.)
 {¶ 24} At that point, Attorney Cockley objected, arguing the prosecutor was getting close to commenting on the appellant's failure to testify. The court reminded the prosecutor he should not make any comment about whether or not the appellant testified.
 {¶ 25} The test for prosecutorial misconduct is whether a prosecutor's conduct at trial was improper, and if so, whether such conduct prejudicially affected the substantial rights of the defendant,State v. Lott (1990), 51 Ohio St. 3d 160, 555 N.E. 2d 293. The analysis focuses on the fairness of the trial, not the culpability of the prosecutor, Smith v. Phillips (1982), 455 U.S. 209, 102 S.Ct. 940. A trial is not unfair, if, in the context of the entire trial, it appears clear beyond a reasonable doubt the jury would have found the defendant guilty even without the improper conduct, State v. Treesh (2001),90 Ohio St. 3d 460, 2001-Ohio-4, 739 N.E. 2d 749.
 {¶ 26} The State is entitled to a certain degree of latitude in summation, State v. Grant (1993), 67 Ohio St. 3d 465, 620 N.E. 2d 50. A prosecutor may comment on the evidence, Id. A prosecutor is allowed to comment upon the relative strength of the State's case, which includes commenting that the State's case has not been rebutted, State v.Ferguson (1983), 5 Ohio St. 3d 160, 450 N.E. 2d 265. Specifically, a prosecutor may comment on the failure of the defense to offer any evidence in support of its case, Id. *Page 8 
 {¶ 27} We find the prosecutor's remarks on closing were not improper and did not violate appellant's Fifth Amendment rights.
 {¶ 28} The third assignment of error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
 Gwin, P.J., Farmer, J., Hoffman, J., concurs separately *Page 9