OPINION
{¶ 1} Defendant-appellant Wayne Bartley appeals his conviction and sentence in the Licking County Municipal Court on one count of domestic violence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 19, 2006, was involved in a disagreement and physical altercation with his girlfriend, Erika Tackett. Ms. Tackett alleged she was living with appellant, when he grabbed her by the throat and dragged her from the residence.
 {¶ 3} On May 24, 2006, appellant was charged with one count of domestic violence. The matter proceeded to a bench trial on July 26, 2006. Appellant signed a "Waiver of Counsel" electing to proceed pro se. The trial court convicted appellant as charged, and sentenced him to 180 days incarceration, suspending 120 days.
 {¶ 4} Appellant now appeals, assigning as error:
 {¶ 5} "I. THE EVIDENCE PRESENTED BELOW IS INSUFFICIENT TO ESTABLISH EVERY ELEMENT OF THE DOMESTIC VIOLENCE OFFENSE CHARGED IN THE COMPLAINT.
 {¶ 6} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO INSURE THAT THE DEFENDANT-APPELLANT FULLY UNDERSTOOD AND APPRECIATED HIS CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 I {¶ 7} In the first assignment of error, appellant argues the evidence presented at trial was insufficient to support his conviction. Specifically, appellant maintains the *Page 3 
State failed to introduce sufficient evidence to establish he and the alleged victim were family or household members.
 {¶ 8} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 9} Pursuant to Crim.R. 29, a defendant must move the trial court for a judgment of acquittal "if the evidence is insufficient to sustain a conviction," in order to preserve the right to appeal. Upon review of the record, appellant failed to move the trial court for acquittal pursuant to Criminal Rule 29; thereby, failing to preserve his right to challenge the sufficiency of the evidence on appeal. State v.Beesler, 11th Dist. No. 2002-A-0001, 2003-Ohio-2815, at ¶ 21.
 {¶ 10} Based upon the foregoing, appellant's first assignment of error is overruled.
 II {¶ 11} In the second assignment of error, appellant argues the trial court violated his constitutional right to the effective assistance of counsel. Specifically, appellant argues his waiver of counsel was insufficient.
 {¶ 12} The State maintains, prior to arraignment in the Licking County Municipal Court, appellant was given a written explanation of his rights and watched a videotape *Page 4 
recording detailing those rights, including the right to counsel. However, our record on appeal review does not contain a transcript or a copy of the videotape referenced.
 {¶ 13} The "Your rights in court" document referenced by the State, includes, among other things, an explanation of the possible maximum penalties for most misdemeanor crimes; the process in appearing before the judge for the first time; and the effect of a not guilty, guilty and no contest plea. The document also includes an explanation of the right to a court appointed attorney, if qualified, and a waiver of private or court appointed attorney, stating:
 {¶ 14} "It has been explained to me that I have a right to a continuance of my case to talk with an attorney of my own choosing, or, if I am without funds to hire one, I can ask the Judge to appoint one to represent me. Knowing this, I now voluntarily acknowledge and state that I do no [sic] want to be represented by an attorney in this case."
 {¶ 15} Appellant signed the above waiver at arraignment.
 {¶ 16} Prior to the commencement of trial, the trial court engaged appellant in a brief discussion as to whether he intended to proceed pro se:
 {¶ 17} "The Court: Are you going with any attorney or without an attorney?
 {¶ 18} "Mr. Bartley: Without an attorney.
 {¶ 19} "The Court: Okay, we'll have to have you sign a waiver. You understand you do have a right to have an attorney with you?
 {¶ 20} "Mr. Bartley: Yes. *Page 5 
 {¶ 21} "The Court: Okay, the bailiff will give you that, then as soon as you sign it, we'll get started, sir. Look it over. If you have any questions, please ask me. Miss Klockner, are you ready to proceed?"
 {¶ 22} Tr. at p. 4.
 {¶ 23} The Waiver of Counsel signed by appellant prior to the commencement of trial states:
 {¶ 24} "It has been explained to me that I have a right to a continuance of my case to talk with an attorney of my own choosing, or if I am without funds to hire one, I can ask the Judge to appoint one to represent me. Knowing this I now voluntarily acknowledge and state that I do not want to be represented by an attorney in this case."
 {¶ 25} In State v. Gibson (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, the Ohio Supreme Court recognized a criminal defendant has a constitutional right of self-representation, and may defend herself when she voluntarily, knowingly, and intelligently elects to do so.Id. at 377-378. However, "[c]ourts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right[,] including the right to be represented by counsel.' As a result, a valid waiver affirmatively must appear in the record, and the state bears the burden of overcoming the presumption against a valid waiver. Id." Statev. Dyer (1996), 117 Ohio App.3d 92, 95, 689 N.E.2d 1034.
 {¶ 26} In order to establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes the right. Gibson, supra. *Page 6 
 {¶ 27} The trial court must fully and clearly explain the right to counsel, and the party must then affirmatively waive the right on the record. In re East (1995), 105 Ohio App.3d 221. A voluntary, knowing, and intelligent waiver of the right to counsel must affirmatively appear on the record. In re Kuchta (Mar. 10, 1999), Medina App. No. 2768-M.
 {¶ 28} In Gibson supra, the Ohio Supreme Court held a trial court must provide sufficient warning to the defendant of the seriousness of the trial and the possible results it could have for his liberty and life. The Court stated:
 {¶ 29} "* * * This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. * * *" State v. Gibson 45 Ohio St.2d 366, citing VonMoltke v. Gillies (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 323.
 {¶ 30} Ohio Criminal Rule 44 states, in pertinent part:
 {¶ 31} "(A) Counsel in serious offenses *Page 7 
 {¶ 32} "Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
 {¶ 33} "(B) Counsel in petty offenses
 {¶ 34} "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 {¶ 35} "(C) Waiver of counsel
 {¶ 36} "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 37} Ohio Criminal Rule 22 states:
 {¶ 38} "In serious offense cases all proceedings shall be recorded.
 {¶ 39} "In petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded, and if requested by any party all proceedings shall be recorded.
 {¶ 40} "Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device."
 {¶ 41} Ohio Criminal Rule 2 defines "Serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more *Page 8 
than six months." "Petty offense" is defined as a misdemeanor other than a serious offense.
 {¶ 42} In the case sub judice appellant was charged with domestic violence, in violation of R.C. 2919.25, which states in pertinent part:
 {¶ 43} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 44} "(B) No person shall recklessly cause serious physical harm to a family or household member.
 {¶ 45} "(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.
 {¶ 46} "(D) (1 ) Whoever violates this section is guilty of domestic violence.
 {¶ 47} "(2) Except as otherwise provided in division (D)(3) or (4) ofthis section, a violation of division (C) of this section is amisdemeanor of the fourth degree, and a violation of division (A) or (B)of this section is a misdemeanor of the first degree."
 {¶ 48} (Emphasis added.)
 {¶ 49} In the within matter, appellant was charged with a first degree misdemeanor, and faced a maximum of six months imprisonment and a $1,000 fine — a petty offense.
 {¶ 50} Accordingly, a voluntary and knowing waiver may be demonstrated through the court's colloquy with the appellant. Upon review of the exchange between the trial court and appellant immediately prior to trial, the trial court did not sufficiently inquire of appellant as to his waiver of the right to counsel. The trial court did not *Page 9 
sufficiently inquire whether appellant fully understood and intelligently relinquished that right. Gibson, supra.
 {¶ 51} Once appellant challenges the validity of the waiver of counsel, the State must establish that a proper waiver of the right occurred. State v. Brooke (2007), 113 Ohio St.3d 199. The State contends the videotape recording shown to appellant at arraignment explaining his right to counsel, when coupled with the document signed by appellant outlining his rights, are sufficient to establish a valid waiver of counsel.
 {¶ 52} Upon review of the record, appellant has not provided this Court with the entire record, including a copy or transcript of the videotape presented at arraignment. As such, the record is incomplete. See State v. Untied (March 5, 1998), Muskingum App. No. CT97-0018. InUntied, this court found when portions of the transcript necessary to resolve issues are not a part of the record, we must presume the regularity in the trial court proceedings and affirm, Untied, supra, at 7, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,400 N.E.2d 384.
 {¶ 53} Appellant's second assignment of error is overruled. *Page 10 
 {¶ 54} Appellant's July 26, 2006 conviction and sentence in the Licking County Municipal Court are affirmed.
Hoffman, P.J. Wise, J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's July 26, 2006 conviction and sentence in the Licking County Municipal Court are affirmed. Costs assessed to appellant. *Page 1