JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Michael Thompson, appeals from the judgment of the Common Pleas Court convicting him of possession of crack cocaine in an amount less than one gram, in violation of R.C. 2925.11. We find merit to the appeal, reverse the conviction and remand for a new trial.
 {¶ 2} Thompson's conviction stems from a search warrant executed on February 19, 2003 at the home of co-defendant James DeMoss. At trial, Cleveland police officer Jeff Folmer testified that after the police broke down the front door of the home, he entered and saw Thompson moving rapidly toward the kitchen. Folmer testified that as he grabbed Thompson, he saw him toss a baggie containing rocks of crack cocaine toward a garbage can in the kitchen.
 {¶ 3} Thompson was subsequently indicted on two counts of drug possession and one count of tampering with evidence. The trial court appointed counsel for Thompson, but some months later, Thompson requested new counsel. The trial court then appointed the Public Defender's Office to represent him.
 {¶ 4} On the day of trial, however, Thompson advised the trial court that he wished to waive his right to counsel and represent himself. The following colloquy occurred between the trial court and Thompson:
 {¶ 5} "THE COURT: Okay. Mr. Thompson, I've been handed two documents here, one is that — indicating that you wish to waive your right to counsel and that you would like to proceed representing yourself; is that right?
 {¶ 6} "MR. THOMPSON: Yes, sir.
 {¶ 7} "THE COURT: Would you explain to me why you made that decision?
 {¶ 8} "MR. THOMPSON: Because — basically because I feel like I could help with my defense even more than my attorney because of me being there and having an idea what's going on and knowing who the characters are, cops, police officers, the like and things that happened. So that during cross-examination and during a trial itself I can ask specifically or specific questions so that when I get responses from them I believe that it will be more honest and accurate than if it was a routine. Like, here comes the lawyer for the Public Defender's Office or for this defendant and it's routine.
 {¶ 9} "I think that these officers and — they're not accustomed to defendants representing themselves and so they do things a certain way, and I am not that kind [of] person. I have a little knowledge, enough about the court system to represent myself, I believe, because I've done it before. And not because I know the law or law trained, but because I really believe in this case that there is some inconsistencies and things that are going on that Carlos cannot — as my attorney, Mr. Warner could not inject properly, like emotions and the feelings that I have being there and seeing it and witnessing it in order for the person who might be prosecuting me or witnessing to respond truthfully to me.
 {¶ 10} "THE COURT: Now you do understand that you're going to be bound by the same rules of evidence, you're going to have the same procedures that you would have if you had a lawyer. So if you don't follow the procedures correctly that's going to be your tough luck.
 {¶ 11} "MR. THOMPSON: Yes, sir. I'm understanding that.
 {¶ 12} "THE COURT: And you're prepared to take that risk?
 {¶ 13} "MR. THOMPSON: In this courtroom, yes.
 {¶ 14} "THE COURT: Are you expecting Mr. Warner to be with you in the courtroom?
 {¶ 15} "MR. THOMPSON: Yes, sir.
 {¶ 16} "THE COURT: So you want him there as your coach; is that it?
 {¶ 17} "MR. THOMPSON: As the person to interpret for me the law because common sense don't get it in a court of law.
 {¶ 18} "THE COURT: Okay. Well, then I will accept your decision here to waive your right to counsel and I will allow you to go forward and representing yourself. Mr. Warner can be in the courtroom, but he's not going to be able to make any argument or anything, he's just going to be with you.
 {¶ 19} "MR. THOMPSON: I understand. I'm prepared to argue my case.
 {¶ 20} "THE COURT: Okay."
 {¶ 21} Trial was subsequently continued several times but ultimately commenced on June 1, 2004. After the State rested, the trial court granted the Crim.R. 29 motion for dismissal of counts one and three of the indictment (drug possession and tampering with evidence) made by Thompson's advisory counsel, and the case proceeded on the sole count of possession of drugs in an amount less than one gram.
 {¶ 22} The jury subsequently found Thompson guilty of this count and the trial court sentenced him to three years of community control sanctions and suspended his driver's license with privileges for six months.
 {¶ 23} In his first assignment of error, Thompson contends that the trial court deprived him of his constitutional right to counsel by accepting his waiver without ascertaining whether it was knowingly, intelligently, and voluntarily made. We agree.
 {¶ 24} In State v. Buchanan, Cuyahoga App. No. 80098, 2003-Ohio-6851, this court addressed the significance of a defendant's decision to waive his constitutional right to counsel and represent himself as follows:
 {¶ 25} "`The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so.' State v.Gibson (1976), 45 Ohio St.2d 366, paragraph one of the syllabus, citingFaretta v. California (1975), 422 U.S. 806. However, `courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel.' State v. Dyer (1996), 117 Ohio App.3d 92, 95. As a result, `a valid waiver affirmatively must appear in the record, and the State bears the burden of overcoming the presumption against a valid waiver.' State v. Martin, Cuyahoga App. No. 80198, 2003-Ohio-1499. `In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right.' Gibson, supra, paragraph two of the syllabus.
 {¶ 26} "Although there is no prescribed colloquy in which the trial court and a pro se defendant must engage before a defendant may waive his right to counsel, the court must ensure that the defendant is voluntarily electing to proceed pro se and that the defendant is knowingly, intelligently, and voluntarily waiving the right to counsel. Martin,
supra, citing State v. Jackson (2001), 145 Ohio App.3d 223, 227. Given the presumption against waiving a constitutional right, the trial court must ensure the defendant is aware of `the dangers and disadvantages of self-representation' and that he is making the decision with his `eyes open.' Faretta, supra, at 835.
 {¶ 27} "In determining the sufficiency of the trial court's inquiry in the context of the defendant's waiver of counsel, the Gibson court applied the test set forth in Von Moltke v. Gillies (1948), 332 U.S. 708,723, as follows:
 {¶ 28} "[To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility.] To be valid such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter." Id. at ¶s 15-18.
 {¶ 29} "Thus, a court cannot abdicate its responsibility to sufficiently inform a criminal defendant as to that defendant's waiver of the right to counsel merely because that defendant manifests a desire, however eloquently stated, to represent himself. Nor can the court satisfy this responsibility by standby counsel. However laudable, such appointments do not absolve the trial court from its responsibility to insure that the defendant is aware of the range of allowable punishments, the possible defenses to the charges and circumstances that might serve in mitigation, as well as any other facts that would demonstrate that the defendant understood the entire matter." State v.Richards (Sept. 20, 2001), Cuyahoga App. No. 78457.
 {¶ 30} In this case, the trial court failed to engage in the necessary colloquy to ensure that Thompson's waiver of counsel was knowingly, intelligently, and voluntarily made. The trial court merely asked Thompson why he wanted to represent himself and then told him that he would be bound by the same rules of procedure as a lawyer. The trial court did not inquire regarding Thompson's understanding of the charges against him and the possible penalties he faced, nor did the court discuss any possible defenses that might apply. Additionally, the trial court failed to adequately inform Thompson of the perils of self-representation. The court's admonition that he would be bound by the same rules of procedure as a lawyer is not enough to suggest that Thompson made the decision with his "eyes open."
 {¶ 31} Accordingly, Thompson's first assignment of error is sustained. Because his waiver of counsel was not knowingly, intelligently, and voluntarily made, the conviction is reversed and the case is remanded for a new trial.
 {¶ 32} Our resolution of Thompson's first assignment of error renders his second assignment of error moot and, therefore, we need not address it. See App.R. 12(A)(1)(c).
Reversed and remanded.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., Concurs.
 Gallagher, P.J., Concurs in Judgment only.