JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, defendant-appellant, Gary T. Ford ("defendant"), appeals from the judgment entered pursuant to a jury trial finding him guilty of tampering with evidence. For the following reasons, we reverse and remand for a new trial.
 {¶ 2} A review of the record reveals the following: On April 8, 2005, defendant was indicted on one count of tampering with evidence in violation of R.C. 2921.12. On May 19, 2005, the trial court appointed assigned counsel to defendant, after which he pled not guilty to the indictment.
 {¶ 3} The matter proceeded to a jury trial on June 29, 2005. Upon conclusion of the direct examination of the State's first witness, defendant requested to represent himself pro se. The following is the colloquy between the court and defendant:
 {¶ 4} "THE COURT: * * * Mr. Gary Ford, it's my understanding you consulted with your lawyer. It's your intention to represent yourself. Is that correct?
 {¶ 5} "DEFENDANT: Correct.
 {¶ 6} "THE COURT: That's your desire?
 {¶ 7} "DEFENDANT: Yes, ma'am.
 {¶ 8} "THE COURT: That's a decision intelligently made; is that right?
 {¶ 9} "DEFENDANT: Yes.
 {¶ 10} "THE COURT: You understand by doing so you're actually waiving your right to counsel? You understand that?
 {¶ 11} "DEFENDANT: So I'm not — I couldn't have legal assistance, that's what you're saying?
 {¶ 12} "THE COURT: No. If it is your request, the Court will have Mr. Gautner sit there with you to advise both legally and procedurally how to conduct the trial. So I'm not saying that. But it's my understanding that we need both a waiver from you in court, which is verbal, and we need to also have you and your lawyer write out a waiver indicating that you understand your right to counsel and that you want to waive your right to counsel.
 {¶ 13} "DEFENDANT: Okay. That's understandable. It's a couple things I don't understand. With certain things I will be discussing why do you always have the jury leave?
 {¶ 14} "THE COURT: Because when we discuss legal issues we don't discuss them in front of the jury. The jury's only here to decide the facts of the case, not to decide the law. You try the law of the case to the Court. You try the facts of the case to the jury. So the jury is only here to gather the facts.
 {¶ 15} "DEFENDANT: Okay. Dealing with just the facts of the case, then why was the Prosecutor repeatedly talking about drug buys?
 {¶ 16} "THE COURT: That's something for you to argue in your closing arguments. We're talking now about your waiver. Did you want to make your waiver?
 {¶ 17} "DEFENDANT: Yes, I do.
 {¶ 18} "THE COURT: Okay. You want to represent yourself?
 {¶ 19} "DEFENDANT: I will represent myself.
 {¶ 20} "THE COURT: You will represent yourself?
 {¶ 21} "DEFENDANT: Yes.
 {¶ 22} "THE COURT: Okay. What I need you to do is Mr. Gautner will write out a written waiver now, why don't you have him write it out and you guys sign it and perfect it. And just any questions that you have about it why don't you ask Mr. Gautner. If you have no questions after you've written it out, the Court will review it with you and once I've reviewed it and I am satisfied that you understand it the Court will bring the jury in, proceed and at that point you can proceed with your own representation.
 {¶ 23} "* * *
 {¶ 24} "THE COURT: Mr. Ford, have you now executed a waiver of your right to counsel?
 {¶ 25} "DEFENDANT: Yes, ma'am.
 {¶ 26} "THE COURT: You appear to be reading it.
 {¶ 27} "DEFENDANT: I'm reading it now.
 {¶ 28} "THE COURT: You haven't read it?
 {¶ 29} "DEFENDANT: Not fully. Not all the way.
 {¶ 30} "THE COURT: Take your time and read it then.
 {¶ 31} "Would you give that to Mr. Gautner, please. Mr. Ford, the Court is going to take an opportunity to read to you the waiver received. You have to listen carefully. At the conclusion of the reading I will ask you whether or not you reviewed this, whether or not you have any questions, whether this is in fact your signature that's affixed to the bottom.
 {¶ 32} "It says, I, Gary Ford, wish to voluntarily relinquish my right to counsel. I understand that the United States Constitution and the Constitution of the State of Ohio guarantee me the right to representation in any criminal proceeding. I further understand that even if I am unable to afford an attorney, one could be appointed at no cost to me. I have full knowledge of my rights as provided in the Federal and State Constitutions, and I wish to relinquish my rights to be represented by a licensed attorney. It is my intention to proceed in this matter pro se.
 {¶ 33} "I am currently under indictment in the above-captioned matter. The indictment charges one count of tampering with evidence in violation of Ohio Revised Code Section2921.12. I further understand that tampering with evidence is a felony of the third degree that is punishable by a term of imprisonment of one to five years in yearly increments. I understand that after release from imprisonment, a conviction of a third-degree felony also carries with it a three-year period of post-release control.
 {¶ 34} "The Ohio Supreme Court has determined that I, as a Defendant in a criminal case, have the independent constitutional right to self-representation. And that would be under State v.Gibson in a 1976 case. The cite is 45 Ohio St.2d, page 366.
 {¶ 35} "I am fully aware of the facts and evidence that the State intends to introduce at trial, and I have received discovery materials that the State provided.
 {¶ 36} "I recognize that the burden of proof is on the State to establish this offense beyond a reasonable doubt. Icomprehend the defenses that I may employ. In a hearing held on June 29th, 2005, this Court again informed me of my right to counsel and warned me of the perils of proceeding pro se. I acknowledge that by waiving this right to representation if I should later pursue an appeal, I will not have a claim for any ineffective assistance of counsel.
 {¶ 37} "After considering the charges against me, and with full knowledge of the rights I am relinquishing, I, pursuant to Ohio Criminal Rule 44(c), hereby waive my constitutionally guaranteed right to counsel. And it has your signature.
 {¶ 38} "Did you sign this, sir?
 {¶ 39} "DEFENDANT: Yes, I did.
 {¶ 40} "THE COURT: Is it still your desire to proceed this way?
 {¶ 41} "DEFENDANT: You wouldn't let me fire him and get another attorney, so I have no choice.
 {¶ 42} "THE COURT: Wait a minute now.
 {¶ 43} "DEFENDANT: You told me that I had to keep on proceeding with him as counsel. I told you from the beginning I didn't want him as my counsel.
 {¶ 44} "THE COURT: The Court told you that the Court finds him capable, he is able and he will represent you if you want an appointed counsel. And this Court in no way ever had a dialogue with you where I said to you no matter what I wouldn't give you a lawyer. I would give you him. The Constitution guarantees to you a right to counsel. It doesn't guarantee to you the right to the counsel you desire. It guarantees your right to competent counsel. And this Court found that he was in fact competent counsel.
 {¶ 45} "DEFENDANT: He's not competent counsel.
 {¶ 46} "THE COURT: You want to proceed and represent yourself, right?
 {¶ 47} "DEFENDANT: I have no choice but to represent myself.
 {¶ 48} "THE COURT: The Court will accept your wavier.
 {¶ 49} "DEFENDANT: You wouldn't give me a lawyer.
 {¶ 50} "THE COURT: I'm not going to give you another one.
 {¶ 51} "DEFENDANT: Why not?
 {¶ 52} "THE COURT: I will give you one if you want one. We are in the middle of court with him. If you want him, you can have him. If you don't want him and effect this waiver, I can accept it and allow you to proceed pro se. The choice is yours.
 {¶ 53} "There's nothing wrong with his representation. He is a competent lawyer. That is what you are entitled to. If you want to proceed, then let me know. I'm not going to have an argument with you or disagreement with you. You either are going to proceed with him or you're going to represent yourself.
 {¶ 54} "DEFENDANT: You know, this is what I don't understand. I don't understand freedom to speech. I lose that once I came into this courtroom or what.
 {¶ 55} "THE COURT: Do you want to represent yourself?
 {¶ 56} "DEFENDANT: I have no choice but to represent myself.
 {¶ 57} "THE COURT: The Court will accept your waiver. Okay. Because of time, we've allowed the jury to leave for the evening. We will begin tomorrow morning then at 9:00. At that time, Mr. Ford, you should proceed to begin your cross-examination of Detective Glover."
 {¶ 58} Following this colloquy between the trial judge and defendant, defendant proceeded with the trial pro se.
 {¶ 59} On July 1, 2005, the jury returned a verdict of guilty on the sole count of tampering with evidence. Defendant was sentenced to five years of incarceration, a fine of $250, and three years of post-release control with mandatory drug testing and counseling. Defendant timely appeals his conviction and raises six assignments of error, which will be addressed out of order where appropriate.
 {¶ 60} "II. Appellant was denied his Sixth Amendment right to counsel because the record does not establish a valid waiver."
 {¶ 61} In his second assignment of error, defendant argues that the trial court's inquiry into whether he waived his right to counsel was insufficient to establish that he knowingly, intelligently, and voluntarily waived his right to counsel.
 {¶ 62} The Sixth Amendment to the United States Constitution provides that defendants shall have the right to have the assistance of counsel for their defense. While a defendant has a right to counsel, the defendant may also waive that right when the waiver is voluntary, knowing, and intelligent. State v.Gibson (1976), 45 Ohio St.2d 366, citing Faretta v. California
(1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562.
 {¶ 63} To establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right. Gibson, supra at paragraph two of the syllabus. Although there is no prescribed colloquy in which the trial court and a pro se defendant must engage before a defendant may waive his right to counsel, the court must ensure that the defendant is voluntarily electing to proceed pro se and that the defendant is knowingly, intelligently, and voluntarily waiving the right to counsel. State v. Martin, Cuyahoga App. No. 80198, 2003-Ohio-1499. Specifically, the trial court must advise the defendant of the nature of the charges against him, the range of allowable punishment, the possible defenses, any mitigating circumstances, and the dangers of self-representation. SeeGibson, supra at 377, citing Von Moltke v. Gillies (1948),332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309.[1]
 {¶ 64} This Court has repeatedly addressed the importance of a defendant's decision to waive his right to counsel, stating:
 {¶ 65} "A court cannot abdicate its responsibility to sufficiently inform a criminal defendant as to that defendant's waiver of the right to counsel merely because that defendant manifests a desire, however eloquently stated, to represent himself. Nor can the court satisfy this responsibility by standby counsel. However laudable, such appointments do not absolve the trial court from its responsibility to insure that the defendant is aware of the range of allowable punishments, the possible defenses to the charges and circumstances that might serve in mitigation as well as any other facts that would demonstrate that the defendant understood the entire matter." See State v.Thompson, Cuyahoga App. No. 85483, 2005-Ohio-6126; State v.Richards (Sept. 20, 2001), Cuyahoga App. No. 78457. See, also,State v. Ward, Cuyahoga App. No. 81282, 2003-Ohio-3015; Statev. Martin, Cuyahoga App. No. 80198, 2003-Ohio-1499; State v.Jackson (2001), 145 Ohio App.3d 223; State v. Melton (May 4, 2000), Cuyahoga App. No. 75792.
 {¶ 66} Applying the foregoing analysis to this case, we find that the trial court failed to engage in the necessary colloquy to ensure that defendant's waiver of counsel was knowingly, intelligently, and voluntarily made. The trial court merely read the written waiver that defendant had signed. While this written waiver contained the statutory charge and the range of allowable punishments, it did not contain any possible defenses or mitigating circumstances that might apply nor the perils of self-representation. Other than the cursory reading of the written waiver, there is nothing in the record showing any attempt by the trial court to further explain to the defendant his possible defenses or the dangers of proceeding to trial without counsel. For example, the trial court could have warned the defendant of the seriousness of his waiver of counsel, that the defendant would be held to the same rules and criminal procedure as an attorney, or cautioned defendant against waiving his right to counsel.[2] However, the trial court's discussion with defendant did not include any warnings whatsoever of the disadvantages or dangers of self-representation before the trial court accepted defendant's waiver of counsel. Rather, the record shows that the trial court merely engaged in an extensive explanation that the defendant was entitled to "competent" counsel, not the counsel of his "desire."[3]
 {¶ 67} Under the facts and circumstances of this case, we find that defendant was prejudiced by the trial court's failure to ensure that he made a knowing and voluntary decision to represent himself. Accordingly, we sustain defendant's second assignment of error.
Judgment reversed and remanded for a new trial.
Our resolution of defendant's second assignment of error renders moot his remaining assignments of error,[4] and, therefore, we need not address it. App.R. 12(A)(1)(c).
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Calabrese, Jr., J., concur.
 APPENDIX
"I. Appellant was denied a fair trial by the trial court's decision to allow the admission of irrelevant and prejudicial evidence about prior drug activity and the execution of a search warrant that were totally unrelated to appellant and the charges against him.
"III. Appellant's convictions were not supported by sufficient evidence and the trial court erred by denying his motions for acquittal.
"IV. The conviction was against the manifest weight of the evidence.
"V. The trial court's imposition of the maximum sentence was not supported by clear and convincing evidence and was contrary to law.
"VI. The trial court failed to afford appellant his right of allocation as required by Criminal Rule 32(A)(1)."
[1] We are aware of the recent decision of the 9th District which held that the factors in Von Molkte are merely dicta for the court to consider in deciding whether a defendant has waived his right to counsel. See State v. Ragle, Summit App. No. 22137, 2005-Ohio-590. However, we decline to follow this view and feel that the doctrine of stare decisis precludes us from declining to follow the law set forth by the Ohio Supreme Court.
[2] See, for example, State v. Doyle, Pickaway App. No. 04CA23, 2005-Ohio-4072, in which the trial court warned the defendant that "it was a dangerous course of action to proceed to trial without a lawyer." The court also attempted to make clear to defendant that he did not understand the legal system to a degree where he could competently represent himself.
[3] Tr. at 216.
[4] See appendix.