JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Douglas Irwin ("Irwin"), appeals his conviction for receiving stolen property. After a thorough review of the record, and for the reasons set forth below, we reverse the conviction and remand for a new trial.
 {¶ 2} In September 2007, the Cuyahoga County Grand Jury indicted Irwin and a codefendant on one count of receiving stolen property valued at more than $500 but less than $5,000, a violation of R.C. 2913.51(A). The indictment alleged that Irwin unlawfully received propane tanks and metal scaffolding belonging to Zagar Tools, which he knew had been stolen. Irwin pled not guilty to the charges. Subsequently, a month prior to trial, Irwin filed an affidavit, attached to a demand for discovery, indicating his desire to represent himself pro se. He further indicated in his "subpoena request" that he would be representing himself at trial.
 {¶ 3} The day before trial, the trial court addressed Irwin on his request:
 {¶ 4} "Court: Mr. Irwin, you and I have to talk; do you understand? Now you want — you claim you want to represent yourself. ***
 {¶ 5} "Defendant: Yes, Your Honor, I do.
 {¶ 6} "Court: Now, do you understand that you have rights under the State of Ohio and the Constitution of the United States to a trial by jury, and we *Page 4 
have a jury on its way up. But also you have the right to be represented by an attorney.
 {¶ 7} "Now, Attorney Moore has been a criminal defense lawyer for 30 years and is qualified to try capital cases — that means where the death penalty is involved — so she is extremely experienced.
 {¶ 8} "Now, if you choose to represent yourself, I must warn you that you are going to be judged by the same standards to which any lawyer in this courtroom is judged, and that has to do with the Rules of Evidence, Rules of Criminal Procedure. Everything that a lawyer who has been admitted to the bar would do, you are going to have to do that. Do you understand that?
 {¶ 9} "Defendant: Absolutely.
 {¶ 10} "Court: Do you have any experience in this area at all?
 {¶ 11} "Defendant: Absolutely.
 {¶ 12} "Court: How, sir?
 {¶ 13} "Defendant: I've been tried many times on cases where I have not done a single crime.
 {¶ 14} "Court: Pardon? You've been tried —
 {¶ 15} "Defendant: Yes. I have done jury trials before.
 {¶ 16} "Court: You have represented yourself?
 {¶ 17} "Defendant: Yes, ma'am. *Page 5 
 {¶ 18} "Court: All right. And where was this?
 {¶ 19} "Defendant: Medina County.
 {¶ 20} "Court: And when was that?
 {¶ 21} "Defendant: Let's see. It was several years ago.
 {¶ 22} "Court: And what was the charge?
 {¶ 23} "Defendant: Actually, the same charge I'm facing today.
 {¶ 24} "Court: Receiving stolen property?
 {¶ 25} "Defendant: Yes, Your Honor."
 {¶ 26} The trial court then ordered Irwin to speak with the public defender, who the court appointed as stand-by counsel. After speaking with the public defender, Irwin reaffirmed before the trial court his decision to represent himself. The court granted his request and proceeded with the jury trial.
 {¶ 27} The jury found Irwin guilty on the single count of receiving stolen property. The trial court sentenced Irwin to six months in prison with three years postrelease control.
 {¶ 28} Irwin appeals, raising the following three assignments of error:
 {¶ 29} "I. Douglas Irwin was deprived of his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article I of the Ohio Constitution where the trial court failed to *Page 6 
properly inquire whether his decision to waive his right to counsel and to represent himself were undertaken knowingly, intelligently, and voluntarily.
 {¶ 30} "II. Douglas Irwin was denied his rights under the Fifth andFourteenth Amendments when the State of Ohio was permitted to [sic] from its witness the fact that Mr. Irwin exercised his right to remain silent.
 {¶ 31} "III. Douglas Irwin was denied his right to confrontation under the Sixth and Fourteenth Amendments when [sic] used unconfrontable hearsay evidence to prove the value of the property allegedly involved in this case."
 Waiver of Counsel {¶ 32} In his first assignment of error, Irwin argues that his waiver of counsel and decision to proceed pro se was not knowingly, intelligently, and voluntarily made. We agree.
 {¶ 33} Although a defendant may eloquently express a desire to represent himself, a trial court must still satisfy certain parameters to ensure that the defendant's waiver of the constitutional right to counsel is made knowingly, intelligently, and voluntarily. See State v.Thompson, 8th Dist. No. 85483, 2005-Ohio-6126. In State v.Buchanan, 8th Dist. No. 80098, 2003-Ohio-6851, this court reiterated the well-established parameters and the significance of a defendant's decision to waive his constitutional right to counsel and represent himself as follows: *Page 7 
 {¶ 34} "The Sixth Amendment, as made applicable to the states by theFourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so.' State v.Gibson (1976), 45 Ohio St.2d 366, paragraph one of the syllabus, citingFaretta v. California (1975), 422 U.S. 806. However, `courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel.' State v. Dyer (1996), 117 Ohio App.3d 92, 95. As a result, `a valid waiver affirmatively must appear in the record, and the State bears the burden of overcoming the presumption against a valid waiver.'State v. Martin, 8th Dist. No. 80198, 2003-Ohio-1499. `In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right.' Gibson, supra, paragraph two of the syllabus.
 {¶ 35} "Although there is no prescribed colloquy in which the trial court and a pro se defendant must engage before a defendant may waive his right to counsel, the court must ensure that the defendant is voluntarily electing to proceed pro se and that the defendant is knowingly, intelligently, and voluntarily waiving the right to counsel.Martin, supra, citing State v. Jackson *Page 8 
(2001), 145 Ohio App.3d 223, 227. Given the presumption against waiving a constitutional right, the trial court must ensure the defendant is aware of `the dangers and disadvantages of self-representation' and that he is making the decision with his `eyes open.' Faretta, supra, at 835.
 {¶ 36} "In determining the sufficiency of the trial court's inquiry in the context of the defendant's waiver of counsel, the Gibson court applied the test set forth in Von Moltke v. Gillies (1948),332 U.S. 708, 723, as follows:
 {¶ 37} "*** To be valid such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter." Buchanan at ¶ 15-18.
 {¶ 38} In this case, the trial court ignored the dictates of VonMoltke and failed to ensure that Irwin's waiver of counsel was knowingly, intelligently, and voluntarily made. Although the trial court warned Irwin that he would be held to the same standards as an attorney and encouraged him to use the public defender, the court neglected to inquire as to Irwin's understanding of the charges against him and the possible penalties he faced; nor did the court discuss any possible defenses that might apply. Additionally, the trial court failed to warn of the perils of self-representation. *Page 9 
 {¶ 39} As for Irwin's representing that he previously defended himself years earlier on the same charge, we find that such representation did not obviate the court of its duty to ascertain the defendant's understanding of the charges, the possible penalties, and other relevant facts related to the current case. Nor do we find that the court's appointment of standby counsel for the purpose of advice prior to trial relieves the court of its duty. This court has repeatedly recognized that the trial court "cannot abdicate its responsibility to sufficiently inform a criminal defendant as to that defendant's waiver of the right to counsel merely because that defendant manifests a desire, however eloquently stated, to represent himself. Nor can the court satisfy this responsibility by standby counsel. However laudable, such appointments do not absolve the trial court from its responsibility to insure that the defendant is aware of the range of allowable punishments, the possible defenses to the charges and circumstances that might serve in mitigation, as well as any other facts that would demonstrate that the defendant understood the entire matter." State v. Richards (Sept. 20, 2001), 8th Dist. No. 78457; see, also, Thompson, supra, at ¶ 29;State v. Ford, 8th Dist. No. 86951, 2006-Ohio-3723.
 {¶ 40} Relying on this court's decision in State v. Tierney, 8th Dist. No. 78847, 2002-Ohio-2607, the state urges this court to find that the totality of the circumstances evidence that Irwin knowingly, intelligently, and voluntarily *Page 10 
waived his right to counsel because he filed several pro se motions prior to trial. In Tierney, the defendant filed numerous pro se motions prior to trial, which the majority found to be convincing evidence of his desire to knowingly and voluntarily waive his right to counsel, despite the trial court's failure to follow the dictates of VonMoltke and adequately inquire as to the defendant's understanding of the charges, the possible penalties, the relevant defenses, and any other mitigating factors. Tierney's majority, however, departed from the overwhelming precedent of this district, which applies Von Moltke, and to which we adhere.[1] See, e.g., Ford, supra; Thompson, supra;Buchanan, supra; Richards, supra; State v. Ward, 8th Dist. No. 81282, 2003-Ohio-3015; Martin, supra; Jackson, supra; State v. Melton (May 4, 2000), 8th Dist. No. 75792.
 {¶ 41} Accordingly, Irwin's first assignment of error is sustained.
 {¶ 42} Having sustained the first assignment of error, we find the remaining assignments of error moot.
Conviction vacated and case remanded for further proceedings.
It is ordered that appellee pay the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the *Page 11 
common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and PATRICIA ANN BLACKMON, J., CONCUR.
[1] We note that Tierney was not a unanimous decision. SeeTierney at ¶ 84-101 (Kilbane, J., dissenting). *Page 1