[Cite as *Mayfield Hts. v. Brown*, 2012-Ohio-167.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96062**

## CITY OF MAYFIELD HEIGHTS

PLAINTIFF-APPELLEE

vs.

## BETTY J. BROWN

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Lyndhurst Municipal Court
Case No. 08-CRB-01100

**BEFORE:** Celebrezze, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 19, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    David M. King
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio   44113


**ATTORNEY FOR APPELLEE**

Dominic J. Vitantonio
City of Mayfield Heights Prosecutor
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Cleveland, Ohio   44143


**ALSO LISTED:**

Betty J. Brown
262 Shelton Boulevard
Eastlake, Ohio   44095
FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant, Betty J. Brown, appeals her conviction for obstructing official business.   After careful review of the record and relevant case law, we reverse and remand this matter for further proceedings consistent with this opinion.

{¶ 2} On November 10, 2008, appellant was indicted on one count of obstructing official business in violation of Mayfield Heights Codified Ordinances 505.14.   Before proceeding with trial, the trial court referred

appellant for a competency evaluation based on the court's concern that she did not understand the serious nature of trial. Following the competency evaluation, appellant was found to be competent to stand trial, and a jury trial commenced on September 29, 2010. Prior to selecting the jury, the trial court determined that appellant would be representing herself with the assistance of stand-by counsel. On October 1, 2010, the jury returned a verdict of guilty on the charge of obstructing official business. On October 26, 2010, the trial court sentenced appellant to 90 days in jail and a $750 fine, plus court costs. The 90 days and $250 of the fine were suspended.

{¶ 3} Appellant appeals her conviction, raising eight assignments of error through her counsel and two assignments of error pro se.[1]

## Law and Analysis

### I. Waiver of Right to Counsel

{¶ 4} In her first assignment of error, appellant argues that the trial court erred by accepting her request to proceed pro se without first engaging in a colloquy to ensure that her decision to waive her constitutional right to counsel was made knowingly, voluntarily, and intelligently.

{¶ 5} Although a defendant may eloquently express a desire to represent himself, a trial court must still satisfy certain parameters to ensure

_____

[1] Appellant's assignments of error are contained in the appendix to this opinion.

that the defendant's waiver of the constitutional right to counsel is made knowingly, intelligently, and voluntarily. *See State v. Thompson*, 8th Dist. No. 85483, 2005-Ohio-6126, 2005 WL 3081533.

{¶ 6} In *State v. Buchanan*, 8th Dist. No. 80098, 2003-Ohio-6851, 2003 WL 22966226, this court reiterated the well-established parameters and the significance of a defendant's decision to waive his constitutional right to counsel and represent himself as follows:

> "The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson* (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph one of the syllabus, citing *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. However, "courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel." *State v. Dyer* (1996), 117 Ohio App.3d 92, 95, 689 N.E.2d 1034. As a result, "a valid waiver affirmatively must appear in the record, and the State bears the burden of overcoming the presumption against a valid waiver." *State v. Martin*, Cuyahoga App. No. 80198, 2003-Ohio-1499. "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right." *Gibson*, supra, paragraph two of the syllabus.
>
> Although there is no prescribed colloquy in which the trial court and a pro se defendant must engage before a defendant may waive his right to counsel, the court must ensure that the defendant is voluntarily electing to proceed pro se and that the defendant is knowingly, intelligently, and voluntarily waiving the right to counsel. *Martin*, supra, citing *State v. Jackson* (2001),

145 Ohio App.3d 223, 227, 762 N.E.2d 438. Given the presumption against waiving a constitutional right, the trial court must ensure the defendant is aware of "the dangers and disadvantages of self-representation" and that he is making the decision with his "eyes open." *Faretta*, supra, at 835.

In determining the sufficiency of the trial court's inquiry in the context of the defendant's waiver of counsel, the *Gibson* court applied the test set forth in *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309, as follows:

"* * * To be valid such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter."

*Buchanan* at ¶15-18. *See also State v. Perry*, 8th Dist. No. 81825, 2003-Ohio-1175, 2003 WL 1090713; *Martin, supra*; *State v. Buckwald*, 8th Dist. No. 80336, 2002-Ohio-2721, 2002 WL 1265587; *State v. Richards*, 8th Dist. No. 78457, 2001 WL 1134880 (Sept. 20, 2001); *State v. Jackson, supra*; *State v. Melton*, 8th Dist. No. 75792, 2000 WL 546005 (May 4, 2000).

{¶ 7} Lack of compliance with these standards is reversible error and not subject to harmless error review. *Id*.

{¶ 8} In the instant case, the trial court failed to engage in the necessary colloquy to ensure that appellant's waiver of counsel was knowingly, intelligently, and voluntarily made. The record reflects that on the day of trial, the trial court advised appellant that she had the option to allow appointed counsel, attorney John Fatica, to represent her at trial or she

could represent herself and utilize attorney Fatica in an advisory capacity. The trial court informed appellant that if she chose to utilize attorney Fatica as stand-by counsel, she would not be permitted to speak on the record. At that time, appellant informed the court that she wished to represent herself:

[APPELLANT]: He is not going to put on my case.

COURT: Then you are trying the case yourself.

* * *

[APPELLANT]: He's not representing me.

COURT: So you're representing yourself.

[APPELLANT]: Correct, however —

* * *

COURT: The Court has already made that decision and you're going to go forward and represent yourself. You can ask him whatever questions you need to ask him. You can take breaks. You can ask the court for a short recess so that you can be guided. But that's the capacity that we're going forward today.

{¶ 9} Based on the foregoing colloquy, it is evident that the trial court failed to comply with the standard set forth in *Von Moltke*. Rather than ensuring that appellant's decision to waive her constitutional right to counsel was made with her "eyes open," the trial court merely accepted her waiver without further inquiry. *See Faretta*, *supra*, at 835. At no time did the trial court address appellant's understanding of the charges and possible penalties she faced; nor did the trial court discuss any potential defenses that might

apply. Furthermore, the trial court neglected to adequately inform appellant of the perils of self-representation.

{¶ 10} While we recognize that the trial court demonstrated great patience in dealing with appellant throughout the proceedings and that there is no prescribed colloquy in which the trial court and a pro se defendant must engage before a defendant may waive his right to counsel, we find that the trial court's inquiry in this matter failed to ensure that appellant was knowingly, intelligently, and voluntarily waiving her right to counsel. A sufficient inquiry is especially necessary where, as here, the trial court has previously stated on the record that it did not believe the defendant understood the nature of a trial proceeding and ordered a competency hearing.

{¶ 11} Appellant's first assignment of error is sustained. The matter is reversed and remanded for a new trial. Appellant's remaining assignments of error are rendered moot because they do not challenge the sufficiency of the evidence in this matter. *See Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

{¶ 12} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and

KATHLEEN ANN KEOUGH, J., CONCUR.

APPENDIX

Appellant's assignments of error through counsel:

"I. The trial court erred in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 & 16 of the Ohio Constitution when it failed to ensure that Ms. Brown was adequately represented at trial."

"II.   Ms. Brown was deprived of her right to counsel and due process as guaranteed by the U.S. Constitution Amendments V, VI and XIV and the Ohio Constitution Article I, Sections 10 and 16 when the court improperly precluded pro se defendant from pursuing her defense."

"III.   The trial court erred in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 & 16 of the Ohio Constitution when it barred the defendant from calling and compelling the testimony of properly subpoenaed witnesses."

"IV.   The court violated Ms. Brown's constitutional rights under Article I, Section 10 of the Ohio Constitution, and the Fifth and Sixth Amendment[s] to the United States Constitution and Ohio hearsay law when it allowed Officer Lord to testify about what he learned from non-witnesses and when the court allowed Linda Jones to testify to what she heard about Dean Marinpietri."

"V.   The trial court erred in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 & 16 of the Ohio Constitution when it improperly precluded the defendant from cross-examining a prosecution witnesses [sic]."

"VI.   The trial court erred in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 & 16 of the Ohio Constitution when it improperly precluded the defendant from presenting relevant and probative evidence."

"VII. The prosecution violated Ms. Brown's constitutional rights under Article I, Section 10 of the Ohio Constitution, the Fifth Amendment to the United States Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution when it engaged in improper argument designed to appeal to the passions of the finder of fact."

"VIII. The cumulative impact of the errors reflected in this record amounted to a denial of due process and the right to a fair trial."

Appellant's pro se assignments:

I.     "Probable cause."

II.    "Subject matter jurisdiction."