[Cite as *State v. Ricks*, 2015-Ohio-414.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 101198 and 101199**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MARLON D. RICKS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-12-565259-A and CR-12-569508-A

**BEFORE:**     Jones, P.J., Keough, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**     February 5, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    John T. Martin
Assistant County Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Katherine Mullin
          Jesse W. Canonico
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Marlon Ricks, appeals the trial court's acceptance of his waiver of counsel and denial of his motion for sanity evaluation and motion for continuance. We reverse and remand.

{¶2} In 2012, Ricks was charged in C.P. No. CR-12-569508-A with aggravated murder, murder, and two counts of kidnapping and felonious assault, all counts with notice of prior conviction and repeat violent offender specifications. He was also charged with grand theft and tampering with evidence. These charges were in connection with the death of his girlfriend. He was also charged in C.P. No. CR-12-565259-A with escape.

{¶3} Ricks pleaded not guilty to the indictments in both cases and was assigned counsel. On January 10, 2013, he was referred to the Cuyahoga County Court Psychiatric Clinic for evaluation to determine his competency to stand trial and his sanity at the time of the act. His case was set for trial in June 2013.

{¶4} The June trial date was continued, and Ricks executed a speedy trial waiver. In a letter to the court dated December 23, 2013, Ricks indicated that he wanted to proceed pro se. At a January 8, 2014 pretrial hearing, the trial court discussed the matter with Ricks and presented him with a waiver of counsel document. The matter was continued until January 16, 2014, and again until January 21, 2014.

{¶5} On January 17, 2014, the trial court granted Ricks's motion to proceed pro se and the state provided him with discovery.

{¶6} On January 21, 2014, the trial court held a hearing at which Ricks orally requested a referral to the court psychiatric clinic for a sanity evaluation. He also requested a continuance

of his trial date, stating he needed more time to prepare his case. The trial court denied his requests on the record. The state amended the murder charge to kidnapping, with the same specifications, and Ricks subsequently pleaded no contest to all of the charges against him, as amended, and the trial court found him guilty.

{¶7} On February 27, 2014, the trial court sentenced Ricks to life in prison without the possibility of parole.

{¶8} Ricks filed two appeals, which we consolidated. He raises the following assignments of error for our review:

I. The trial court erred when it failed to ensure that Mr. Ricks knowingly, intelligently, and voluntarily waived his right to counsel.

II. The trial court denied Mr. Ricks due process and equal protection when it refused to allow him to undergo psychiatric examination for the purpose of determining sanity at the time of the offense.

III. The trial court erred in refusing Mr. Ricks a continuance.

{¶9} In the first assignment of error, Ricks argues that the trial court failed to ensure that Ricks knowingly, intelligently, and voluntarily waived his right to counsel.

{¶10} The Sixth and Fourteenth Amendments to the United States Constitution guarantee that persons brought to trial in any state or federal court must be afforded the right to the assistance of counsel before they can be validly convicted and punished by imprisonment. *Highland Hills v. Nicholson*, 8th Dist. Cuyahoga No. 100577, 2014-Ohio-4671, ¶ 11. In some cases, defendants choose to forgo that right and represent their own interests before a criminal tribunal; that is also their right under the Ohio and United States Constitutions. *Id.* citing *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996). "If a trial court denies the right to

self-representation, when properly invoked, the denial is per se reversible error." *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 32, citing *Reed*.

**{¶11}** But when a defendant manages his or her own defense, they relinquish, "as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Therefore, in order to represent themselves, defendants must "knowingly and intelligently" forgo those relinquished benefits. *Id.* at 835. Although a defendant need not have the skill and experience of a lawyer to competently and intelligently choose self-representation, he or she should be made aware of the dangers and disadvantages of self-representation, so that the record establishes that they know what they are doing and their "choice is made with eyes open." *Id.*

**{¶12}** In order to establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus. The United States Supreme Court has not prescribed a precise formula or script that must be read to defendants who indicate that they desire to proceed without counsel. *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 101. Instead, a valid waiver of the right to counsel must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and "all other facts essential to a broad understanding of the whole matter." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 40.

**{¶13}** Crim.R. 44(A) provides that a defendant is entitled to counsel "unless the

defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel." For serious offenses, the waiver must be in writing. Crim.R. 44 (C).

{¶14} Ricks argues that his waiver of counsel was not knowingly, intelligently, and voluntarily made because the trial court failed to fully review the charges against him. We agree.

{¶15} At the January 8, 2014 pretrial, the trial court gave Ricks a five-page waiver of counsel document. The boilerplate document only listed a single charge from Case No. CR-12-569508-A, aggravated murder, but made no mention of the other charges or his other case, Case No. CR-12-565259-A, and the escape charge contained therein.

{¶16} Ricks signed the waiver of counsel document on January 16, 2014, and told the court that he read the document, understood it, and did not have any questions about it. The trial court discussed the possible penalties the aggravated murder charge carried, but did not review the nature of the charge.[1] The court made no mention of the other charges Ricks was facing in Case No. CR-12-569508-A, nor the escape charge in Case No. CR-12-565259-A.

{¶17} The court did inform Ricks that his current counsel would be standby counsel during trial and reviewed his possible defenses. The court also noted issues of alibi, lack of relevant intent and sanity, speedy trial, venue, and the statute of limitations, but did not discuss these issues in any detail. The court did not, however, discuss any trial procedure, e.g., the court did not mention jury selection, examination of witnesses, that Ricks would be required to

---

[1] Although "nature of the charge" does not seem to be further defined in Ohio case law in the context of waiver of counsel, a trial court should, at the very least, recite the elements of each charge with the defendant.

adhere to the rules of evidence, or that the court could not assist him in the presentation of his case. *See Faretta*, 422 U.S. at 835-836, 95 S.Ct. 2525, 45 L.Ed.2d 562.

**{¶18}** In looking to the totality of the circumstances, we consider that Ricks was facing a possible sentence of life in prison without parole and the trial court failed to inform Ricks of the nature of the aggravated murder charge, mention the other pending charges, or discuss trial procedure.

**{¶19}** On this record, the trial court failed to substantially comply with Crim.R. 44(A) by failing to make a sufficient inquiry to determine whether Ricks fully understood and intelligently relinquished his right to counsel. *See Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, at ¶ 44-45. Therefore, Ricks's election to waive counsel and proceed pro se was not knowingly, intelligently, and voluntarily made.

**{¶20}** The first assignment of error is sustained.

**{¶21}** Based on our disposition of the first assignment of error, the second and third assignments of error, which deal with the trial court's actions after it accepted Ricks's waiver of counsel, are moot. *See* App.R. 12(A)(1)(c).

**{¶22}** Judgment reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR