[Cite as *State v. Robinson*, 2018-Ohio-5036.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106721

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ORRIN ROBINSON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
VACATED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-612610-A

**BEFORE:** Keough, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 13, 2018

**ATTORNEYS FOR APPELLANT**

Carmen P. Naso
Milton A. Kramer Law Clinic
Case Western Reserve University
11075 East Blvd.
Cleveland, Ohio 44106

Nicolette Cregan
Cauley Simmons
Certified Legal Interns
Milton A. Kramer Law Clinic
Case Western Reserve University
11075 East Blvd.
Cleveland, Ohio 44106

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Yosef M. Hochheiser
        James Sean Gallagher
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Orrin Robinson, appeals from the trial court's judgment, rendered after a jury trial, finding him guilty of felonious assault and domestic violence, and sentencing him to four years incarceration. For the reasons that follow, we vacate Robinson's convictions and remand for a new trial.

## I.  Relevant Background and Procedural History

**{¶2}** Robinson was arrested on December 17, 2016, following an altercation with his then-girlfriend Carletta Okoronkwo. He was charged with felonious assault in violation of R.C.

2903.11(A)(1), domestic violence in violation of R.C. 2919.25(A), and endangering children in violation of R.C. 2919.22(A). At arraignment, Robinson was declared indigent and counsel was appointed for him. The trial court subsequently granted counsel's request to withdraw, appointed new counsel for Robinson, and reset the trial date.

{¶3} On October 25, 2017, immediately prior to trial, defense counsel informed the court that Robinson did not wish to participate in the trial and also did not want his lawyer to participate. When the trial judge told Robinson that his lawyer would participate in the trial consistent with his duty to defend the case, Robinson told the judge that he wanted to represent himself. The judge then asked Robinson a series of questions, after which she accepted Robinson's waiver of counsel as "knowingly, intelligently and voluntarily made." The judge then appointed Robinson's counsel as standby counsel, and Robinson signed a written waiver of counsel. After the waiver was filed, trial commenced.

{¶4} At the conclusion of the state's case, the trial court granted Robinson's Crim.R. 29 motion for acquittal in part and dismissed Count 3, endangering children. The jury found Robinson guilty of Counts 1 and 2, felonious assault and domestic violence, respectively. The trial court sentenced Robinson to four years incarceration on Count 1 after merging the counts for sentencing. This appeal followed.

## II. Law and Analysis

{¶5} In his first assignment of error, Robinson asserts that he did not knowingly, voluntarily, and intelligently waive his right to counsel. We agree.

{¶6} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution provide that a criminal defendant has a right to counsel. A criminal defendant also has the constitutional right to waive counsel and to represent himself at trial.

*State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 23, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

{¶7} When defendants manage their own defense, they relinquish "many of the traditional benefits associated with the right to counsel." *Faretta* at 834. Thus, in order to represent themselves, defendants must "knowingly and intelligently" forgo those relinquished benefits. *Id.* at 835.

{¶8} Crim.R. 44(A) governs the procedure for waiver of counsel in "serious offense cases."[1] It states:

> Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, *unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel*.

(Emphasis added.)

{¶9} To establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus. There is no prescribed colloquy in which a trial court and defendant must engage before a defendant may waive his right to counsel *State v. Ricks*, 8th Dist. Cuyahoga Nos. 101198 and 101199, 2015-Ohio-414, ¶ 12, citing *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 101.

{¶10} Nevertheless, to be valid, a defendant's waiver of counsel "'must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range

---

[1]A "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C).

of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" *Martin*, 103 Ohio St.3d 285, 2004-Ohio-5471, at ¶ 40, quoting *Gibson* at 377. In addition, although a defendant need not have the skill and experience of a lawyer to competently and intelligently choose self-representation, he or she should be made aware of the dangers and disadvantages of self-representation so that the record establishes the "choice is made with eyes open." *Id.* at ¶ 44, citing *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525, 45 L.Ed.2d 562. For serious offenses, the waiver must also be in writing. Crim.R. 44(C).

{¶11} In determining the sufficiency of the trial court's inquiry in the context of a defendant's waiver of counsel, we conduct an independent review to determine whether a defendant voluntarily, knowingly, and intelligently waived his right to counsel under the totality of the circumstances. *Ricks* at ¶ 18; *Wellston v. Horsley,* 4th Dist. Jackson No. 05CA18, 2006-Ohio-4386, ¶10. Courts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel. *State v. Trikilis*, 9th Dist. Medina Nos. 04CA0096-M and 04CA0097-M, ¶ 12, citing *State v. Dyer*, 117 Ohio App.3d 92, 95, 689 N.E.2d 1034 (2d Dist.1996).

{¶12} Our review of the record demonstrates that after Robinson told the trial court that he wanted to represent himself, the judge engaged in a colloquy with him. Upon questioning, the judge ascertained that Robinson had completed two years of college, had previously represented himself in municipal court in a matter involving a traffic offense, was not under the influence of any drugs or alcohol, and understood that he could waive his right to a jury trial. The judge then told Robinson "you are charged with felonious assault, domestic violence, and

endangering children," and identified the degree of felony of each offense and the range of punishment for each offense.

{¶13} We do not find this to be an adequate explanation of the "nature of the charges." In *Ricks*, this court noted that although "nature of the charge" is not well-defined, "in the context of waiver of counsel, a trial court should, at the very least, recite the elements of each charge with the defendant." *Ricks*, 8th Dist. Cuyahoga Nos. 101198 and 101199, 2015-Ohio-414, at ¶ 16, fn. 1. The record reflects that the trial court did not do so at any point in its colloquy with Robinson before it accepted his waiver of counsel. Likewise, it never advised him what the state would have to prove to establish the offenses with which he was charged. *State v. Gatewood*, 2d Dist. Clark No. 2008 CA 64, 2009-Ohio-5610, ¶ 39.

{¶14} Nor did it discuss with Robinson any possible defenses and mitigating circumstances applicable to the pending charges. A trial court's discussion of possible defenses and mitigating circumstances need not be fact-specific; a broader discussion of defenses and mitigating circumstances as applicable to the pending charges is sufficient. *Berea v. Ferich*, 8th Dist. Cuyahoga No. 99258, 2013-Ohio-3248, ¶ 17, citing *Trikilis*, 9th Dist. Medina Nos. 04CA0096-M and 04CA0097-M, 2005-Ohio-4266, at ¶ 13. For example, in *State v. Pillow*, 2d Dist. Greene No. 2007 CA 102, 2008-Ohio-5902, which the Second District has described as "a textbook example of the proper way to handle a defendant's decision to proceed without counsel," *id*. at ¶ 57, the trial court gave the defendant examples of the types of defenses that might be available: the state failed to establish an element of an offense; the defendant was not the person who committed the crime; self-defense; or the failure to have the mental capacity to commit the offenses. *Id*. at ¶ 37. "These examples of possible defenses were not tailored to the

specific facts of the case, but they helped to inform the defendant of the types of defenses he might have had available to him, with or without counsel." *Gatewood* at ¶ 44, citing *Pillow*.

{¶15} There was no such discussion in this case; the court asked only whether Robinson understood he could present affirmative defenses to the charges. Thus, the trial court did not meet its responsibility to discuss even in broad terms any possible defenses or mitigating circumstances applicable to the circumstances of the case. *See State v. Buchanan*, 8th Dist. Cuyahoga No. 80098, 2003-Ohio-6851, ¶ 20 (court's failure to discuss any possible defenses to the charges, among other deficiencies, rendered the defendant's waiver of counsel not knowingly, voluntarily, and intelligently made); *State v. Thompson*, 8th Dist. Cuyahoga No. 85483, 2005-Ohio-6126, ¶ 30 (waiver of counsel not knowingly, voluntarily, and intelligently made where court did not advise defendant of any possible defenses to the charges).

{¶16} After accepting Robinson's waiver, the trial court compounded its error by advising Robinson that it would appoint standby counsel for him, but that

> [h]e is here should you decide that you wish to re-engage in the attorney-client relationship with [counsel]. He's not going to be here to advise you at any point. The law in Ohio does not allow dual representation. So you deciding to represent yourself means that this is all on your shoulders. You cannot talk with him about your case, about strategy, or about questions.

{¶17} The trial court's instruction to Robinson was incorrect. "In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, at paragraph one of the syllabus. As this court has recognized, "standby counsel serves as an important resource for pro se defendants by assisting them to navigate 'the basic rules of courtroom protocol' and to 'overcome routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals.'" *State v. Hardman*, 2016-Ohio-498, 56 N.E.3d

318, ¶ 21 (8th Dist.), quoting *McKaskle v. Wiggins*, 465 U.S. 168, 184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). "While hybrid representation is prohibited, standby counsel is appointed to attend the trial and answer the defendant's questions regarding courtroom procedure." *Hardman* at *id.*, citing *State v. Owens*, 3d Dist. Allen No. 1-07-66, 2008-Ohio-4161, ¶ 26.

**{¶18}** Contrary to the trial court's instructions to Robinson, standby counsel is not appointed to merely sit in the courtroom and wait to see if the defendant changes his mind about representing himself. Standby counsel is available "'to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary.'" *Martin* at ¶ 28, quoting *Faretta*, 422 U.S. at 834, 95 S.Ct. 2525, 45 L.Ed.2d 562, fn. 46.

**{¶19}** "We appreciate that waiver of counsel is a stormy sea for a trial court to navigate." *Gatewood*, 2d Dist. Clark No. 2008 CA 64, 2009-Ohio-5610, at ¶ 34. However, considering the totality of the circumstances in this case, we cannot conclude that Robinson knowingly, voluntarily, and intelligently waived his right to counsel. The trial court did not advise him of the nature of the charges against him, nor of any possible defenses and mitigating circumstances applicable to the pending charges. Thus, it did not make sufficient inquiry under both the federal and Ohio Constitutions and Crim.R. 44(A) to determine whether Robinson fully understood and intelligently waived his right to counsel. Moreover, even if Robinson had properly waived the right to counsel, the trial court prohibited him from using standby counsel in the manner allowed under the law.

**{¶20}** The first assignment of error is sustained; Robinson's convictions are vacated and the matter is remanded for a new trial. Our disposition of the first assignment of error renders

the other assignments of error raised by Robinson moot, and we need not consider them.   App.R. 12(A)(1)(c).

{¶21} Vacated and remanded for a new trial.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   Case remanded to the trial court.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR